UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

------------------------------------------------------------------------ x
ETRAK İNŞAAT TAAHHÜT VE TİCARET ANONİM ŞİRKETİ, :
:
                    Plaintiff, :
:
                 -against- : Case No. 1:22-cv-00864-JMC
:
THE STATE OF LIBYA, :
:
                 Defendant. :
:
:
:
:
------------------------------------------------------------------------ x

**PETITIONER'S NOTICE OF OPPOSITION TO MOTION TO WITHDRAW**

     Petitioner Etrak İnşaat Taahhüt Ve Ticaret Anonim Şirketi ("Etrak" or "Petitioner") respectfully files this pleading ("Notice") to notify this Court of Etrak's opposition to opposing counsel's Motion to Withdraw as Counsel for Defendant ("Motion") (R. Doc. 40) as well as Etrak's intent to file a formal opposition to the Motion within the regularly allowed delay under the Local Rules. Etrak informs this Court of the following:

     1.     On March 3, 2025, this Court entered judgment ("Judgment") in Etrak's favor and against Defendant State of Libya ("Libya" or "Defendant") in this case.

     2.     Libya did not appeal the Judgment, and it is now final. Nevertheless, Libya has continued to fail to honor the Judgment, and the many opinions in Etrak's favor predating the same.

     3.     After waiting the requisite period, on May 21, 2025, undersigned counsel issued post-Judgment discovery to Libya as permitted by Rule 69 of the Federal Rules of Federal

Procedure. Etrak served that discovery on Libya via its attorneys who were then and remain now enrolled in this action. *See* Ex. A (Email exchange between counsel); Ex. B (Etrak's post-Judgment discovery).

4. Libya failed to respond to Etrak's email attaching discovery requests or to provide any response to the discovery or otherwise engage with Etrak in any manner.

5. On June 25, 2025, undersigned counsel reached out to Libya's counsel to inquire into the status of Libya's responses to the discovery and to confer as necessary prior to pursuing a motion to compel. *See* Ex. A. Libya's counsel responded to say that it would not accept service. *Id.*

6. One week later, counsel for Libya filed its Motion. Before doing so, opposing counsel failed to confer with undersigned counsel as required by Local Rule 7(m). For this reason alone, opposing counsel's Motion should be denied.

7. Nevertheless, Etrak files this Notice so that this Court understands that Etrak will be filing a formal opposition to the Motion to Withdraw within the period allowed for doing so under the Local Rules. As is evident from the above-described timeline and will be explained further in Etrak's formal opposition, opposing counsel's withdrawal is nothing more than a cheap tactic aimed at evading this Court's Judgment.

**WHEREFORE**, Etrak prays that this Court will not issue any opinion prior to receiving Etrak's full opposition to counsel for Libya's Motion and that, upon receiving that opposition, this Court will deny the Motion.

**DATED:** July 7, 2025          Respectfully submitted,

/s/ *Molly L. Wells*
Molly L. Wells (*pro hac vice*)
Benjamin D. Reichard (*pro hac vice*)

272891v.1

**Fishman Haygood LLP**
201 St. Charles Ave., Suite 4600
New Orleans, LA 70170
Tel.: (504) 556-5505
Fax: (504) 586-5250
Email: mwells@fishmanhaygood.com

Charles Owen Verrill, Jr., Esq.
Bar No. 13245
Suite M-100
1055 Thomas Jefferson St. NW
Washington, D.C. 20007
(202) 390-8245
charlesverrill@gmail.com

*Counsel for Etrak*

## CERTIFICATE OF SERVICE

    I certify that a copy of the foregoing was served on all counsel of record this date via the Court's CM/ECF system.

                                                                 */s/ Molly L. Wells*
                                                                 Molly L. Wells