# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

----------------------------------------------------------------- x

ETRAK İNŞAAT TAAHHÜT VE TİCARET ANONİM ŞİRKETİ,

                Plaintiff,

               -against-          :  Case No. 1:22-cv-00864-JMC

THE STATE OF LIBYA,

                Defendant.

----------------------------------------------------------------- x

## PETITIONER'S FIRST SET OF POST-JUDGMENT INTERROGATORIES TO RESPONDENT THE STATE OF LIBYA

> To: The State of Libya
> Through its attorneys of record:
> William T. O'Brien (D.C. Bar No. 450891)
> John W. Lomas, Jr. (D.C. Bar No. 976555)
> Daniel Morris (D.C. Bar No. 1018371)
> Eversheds Sutherland (US) LLP
> 700 Sixth St., N.W. Ste. 700
> Washington, D.C. 20001
> (202) 383-0100
> williamobrien@eversheds-sutherland.com
> johnlomas@eversheds-sutherland.com
> danielmorris@eversheds-sutherland.com

Pursuant to Rules 26, 33, and 69 of the Federal Rules of Civil Procedure and the Local Court Rules of the United States District Court for the District of Columbia (the "Local Rules"), Petitioner Etrak İnşaat Taahhüt Ve Ticaret Anonim Şirketi ("Etrak" or "Petitioner"), by and through its undersigned counsel, hereby requests that Respondent The State of Libya ("Libya" or "Respondent") answer the following Interrogatories under oath, and separately and fully in

EXHIBIT B

writing, within thirty (30) days after service of these Interrogatories, or at such other time as the parties mutually agree.

## DEFINITIONS

1.      The definitions and rules of construction set forth in the Federal Rules of Civil Procedure are hereby incorporated and apply to the Interrogatories set forth herein (the "Interrogatories," and each, an "Interrogatory"). These definitions apply throughout these Interrogatories without regard to capitalization. Etrak reserves the right to deliver and serve additional Interrogatories. As used in the Interrogatories, the words set forth below shall be defined as follows.

2.      "Account" or "Accounts" refer to all presently existing and hereafter arising accounts, including, but not limited to, accounts receivable, contract receivables, receivables of any kind, brokerage accounts, and deposit accounts.

3.      "Document" or "Documents" are defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A), and includes writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form. A draft or non-identical copy is a separate document within the meaning of this term.

4.      Identified State Controlled Entities" refers to the Libyan National Oil Corporation, the Libyan National Oil Corporation Houston Branch, Libyan Arab Foreign Investment Company, Organization for Development of Administrative Centres, Libyan Investment Authority Oilinvest Group, and Tamoil Group.

5.       "Identify," when used with respect to Persons, means to give, to the extent known: (i) the Person's full name; (ii) the Person's present or last known address; and (iii) when referring to a natural person, additionally, the Person's present or last known place of employment.

6.       "Identify," when used with respect to Documents, means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

7.       "Person" or "Persons" refer to any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

8.       "Relating to" means directly or indirectly, in whole or in part, concerning, constituting, evidencing, recording, reflecting, substantiating, describing, summarizing, identifying, or referring to in any way.

9.       "State Controlled Entity" or "State Controlled Entities" refer to any agency, corporation, department, ministry, subdivision or other entity controlled directly or indirectly by Libya, or more than 50% of the equity or other ownership interest is directly or indirectly owned or held by Libya, including without limitation any Identified State Controlled Entities.

10.      "Etrak" refers to Etrak İnşaat Taahhüt Ve Ticaret Anonim Şirketi, its predecessors, successors, divisions, parent, subsidiaries, affiliates, and each person directly or indirectly, wholly, including in part, owned or controlled by it.

11.      "Libya," "Respondent," "You," and "Your" refer to the Respondent The State of Libya, as well as its agencies, instrumentalities, ministries, political subdivisions, representatives,

State Controlled Entities, alter-egos, and assigns, and all other Persons acting or purporting to act for or on Libya's behalf, whether or not authorized to do so.

12.     To bring within the scope of these Interrogatories all information that might otherwise be construed to be outside of their scope, the following rules of construction apply: (i) the singular includes the plural and vice versa; (ii) the masculine, feminine, or neuter pronoun does not exclude other genders; (iii) the connectives "and" and "or" should be read either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope; (iv) the terms "any," "all," and "each" should be read to mean any, all, each, and every; (v) the word "including" should be read to mean including, without limitation; (vi) the present tense should be construed to include the past tense and vice versa; (vii) references to employees, officers, directors, or agents include both current and former employees, officers, directors, and agents; and (viii) defined terms should be given their broadest meaning regardless of whether they are capitalized in the Interrogatories.

## INSTRUCTIONS

1.     Each Interrogatory operates and shall be responded to independently, and unless otherwise indicated, no Interrogatory limits the scope of any other Interrogatory.

2.     If an objection is made to any part of an Interrogatory, the response shall state that there is an objection to the Interrogatory and the legal and factual basis for such objection.

3.     No part of an Interrogatory shall be left unanswered merely because an objection is made to another part of the Interrogatory.

4.     If any Interrogatory demands an answer that is to be withheld on the basis of a claim of privilege or other right of nondisclosure (including work product protection), state the

privilege objection, answer any portion of the Interrogatory that is not subject to such a claim, and provide sufficient information to permit Etrak to analyze or confirm such claims of privilege.

5.      If the response to any Interrogatory consists in whole or in part of an objection based upon undue burden, then with respect to such response: (a) provide such information as can be ascertained without undue burden; and (b) state the basis for such objection.

6.      If You are unable to answer any Interrogatory in full after exercising due diligence to secure the information to do so, please so state and answer the Interrogatory to the extent possible, explaining any inability to answer the remainder of any such Interrogatory and stating all information or knowledge presently available to You concerning the unanswered portion of said Interrogatory.

7.      Unless otherwise indicated, the relevant time period for purposes of these Interrogatories is from January 1, 2024 through the present.

8.      These Interrogatories are continuing in nature and must be supplemented in a timely manner in accordance with Rule 26(e)(1) of the Federal Rules of Civil Procedure.

## INTERROGATORIES

**Interrogatory No. 1:**

Identify any Accounts maintained outside the territory of Libya in whole or in part in the name of Libya, beneficially held in whole or in part by Libya, for which Libya is a signatory, or through which funds are transferred by or to Libya.

**Interrogatory No. 2:**

Identify any commercial or standby letters of credit in which Libya is listed as the applicant or beneficiary, including but not limited to invoices and bills of lading related to the letter of credit,

for which any part of the underlying transaction is to involve assets or parties located in whole or in part outside the territory of Libya.

**Interrogatory No. 3:**

Identify any outstanding loans (including repurchase agreements) for which Libya is listed as the borrower or guarantor, including but not limited to information regarding the purpose of the loan and all collateral that was used to secure the loan, for which the loan proceeds are to be paid or received in whole or in part outside the territory of Libya.

**Interrogatory No. 4:**

Identify any asset or property of any kind whatsoever located in whole or in part outside the territory of Libya, which Libya owns directly or indirectly, in whole or in part, as sole owner or jointly with others, either of record or beneficially, including without limitation as a partner, general or limited, limited liability member, fiduciary, and as an equity or debt holder, or demand deposit holder, or to which Libya has asserted a claim.

**Interrogatory No. 5:**

Identify any securities or bond offering outside the territory of Libya in which Libya participated or expects to participate as an issuer or seller from January 1, 2019 to the present.

**Interrogatory No. 6:**

Describe the relationships among and between Libya (including, but not limited to the General People's Congress or Committee, Central Bank of Libya, Libyan Investment Authority, Renewable Energy Agency, Ministry of Foreign Affairs and International Cooperation, Ministry of Industry and Minerals, Ministry of Economy and Trade, Ministry of Oil and Gas, Ministry of Interior, Ministry of Finance, Ministry of State, Libyan Supreme Council for Oil and Energy, Libyan Supreme Council for Energy Affairs, and Libya's Secretary of Petroleum), and the

Identified State Controlled Entities, including instances in which (a) officers, directors, or employees of one of those entities have served as officers, directors, or employees of another, or functioned on behalf of another; (b) one entity (or its officers, directors, or employees) has reported to or been responsible to another; (c) one entity (or its officers, directors, or employees) has directed or controlled another of these entities; and (d) one entity (or its officers, directors, or employees) has used assets for the benefit of another entity (including, but not limited to, making a loan to the other entity).

**Interrogatory No. 7:**

Identify all officers and directors of the Identified State Controlled Entities in the years from 2019 to present.

**Interrogatory No. 8:**

Describe those circumstances in which Libya is responsible (through its charter, governmental decree, statute, or otherwise) for obligations of the Identified State Controlled Entities, or vice versa.

**Interrogatory No. 9:**

Identify any judicial or administrative decisions that have held Libya responsible for obligations of the Identified State Controlled Entities, or vice versa.

**Interrogatory No. 10:**

Identify all subjects with respect to which Libya (including, but not limited to, the Libyan Prime Minister, General People's Congress or Committee, Central Bank of Libya, Libyan Investment Authority, Ministry of Industry and Minerals, Ministry of Economy and Trade, Ministry of Foreign Affairs and International Cooperation, Ministry of Oil and Gas, Ministry of Interior, Ministry of Finance, Ministry of State, Libyan Supreme Council for Oil and Energy, Libyan

Supreme Council for Energy Affairs, or Libya's Secretary of Petroleum) determines policies of the Identified State Controlled Entities.

**Interrogatory No. 11:**

Describe the role of Libya (including, but not limited to, the Libyan Prime Minister, the General People's Congress or Committee, Central Bank of Libya, Libyan Investment Authority, the Ministry of Industry and Minerals, the Ministry of Economy and Trade, the Ministry of Foreign Affairs and International Cooperation, the Ministry of Oil and Gas, Ministry of Interior, Ministry of Finance, Ministry of State, Libyan Supreme Council for Oil and Energy, Libyan Supreme Council for Energy Affairs, or Libya's Secretary of Petroleum) in reviewing, negotiating, approving, guaranteeing, and/or paying obligations of the Identified State Controlled Entities.

**Interrogatory No. 12:**

Identify any Person or entity outside the territory of Libya that is indebted to Libya.


Dated: May 21, 2025                                    Respectfully submitted,

                                                       */s/ Molly L. Wells*
                                                       Molly L. Wells (pro hac vice)
                                                       Benjamin D. Reichard (pro hac vice)
                                                       Fishman Haygood LLP
                                                       201 St. Charles Ave., Suite 4600
                                                       New Orleans, LA 70170
                                                       Tel.: (504) 556-5505
                                                       Fax: (504) 586-5250
                                                       Email: mwells@fishmanhaygood.com

                                                       Charles Owen Verrill, Jr., Esq.
                                                       Bar No. 13245
                                                       Suite M-100
                                                       1055 Thomas Jefferson St. NW
                                                       Washington, D.C. 20007
                                                       (202) 390-8245
                                                       Email: charlesverrill@gmail.com

                                                       *Counsel for Etrak*

**CERTIFICATE OF SERVICE**

I hereby certify that, on May 21, 2025, I caused a true and correct copy of the notice to be served on the persons below by electronic mail:

William T. O'Brien (D.C. Bar No. 450891)
John W. Lomas, Jr. (D.C. Bar No. 976555)
Daniel Morris (D.C. Bar No. 1018371)
Eversheds Sutherland (US) LLP
700 Sixth St., N.W. Ste. 700
Washington, D.C. 20001
(202) 383-0100
williamobrien@eversheds-sutherland.com
johnlomas@eversheds-sutherland.com
danielmorris@eversheds-sutherland.com

*Attorneys for The State of Libya*

/s/ *Molly L. Wells*
Molly L. Wells

Dated: New Orleans, LA
        May 21, 2025

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

```
------------------------------------------------------------------ x
ETRAK İNŞAAT TAAHHÜT VE TİCARET ANONİM  :
ŞİRKETİ,                                 :
                                         :
                  Plaintiff,             :
                                         :
               -against-                 :  Case No. 1:22-cv-00864-JMC
                                         :
THE STATE OF LIBYA,                      :
                                         :
                  Defendant.             :
                                         :
------------------------------------------------------------------ x
```

**PETITIONER'S FIRST SET OF POST-JUDGMENT REQUESTS FOR PRODUCTION**
**TO RESPONDENT THE STATE OF LIBYA**

To: The State of Libya
Through its attorneys of record:
William T. O'Brien (D.C. Bar No. 450891)
John W. Lomas, Jr. (D.C. Bar No. 976555)
Daniel Morris (D.C. Bar No. 1018371)
Eversheds Sutherland (US) LLP
700 Sixth St., N.W. Ste. 700
Washington, D.C. 20001
(202) 383-0100
williamobrien@eversheds-sutherland.com
johnlomas@eversheds-sutherland.com
danielmorris@eversheds-sutherland.com

Pursuant to Rules 26, 34, and 69 of the Federal Rules of Civil Procedure and the Local

Court Rules of the United States District Court for the District of Columbia (the "Local Rules"),

Petitioner Etrak İnşaat Taahhüt Ve Ticaret Anonim Şirketi ("Etrak" or "Petitioner"), by and

through its undersigned counsel, hereby requests that Respondent The State of Libya ("Libya" or

"Respondent") produce for examination, inspection, and copying within thirty (30) days after

service of these Requests, or at such other time as the parties mutually agree, all Documents

described below at the law offices of Charles Owen Verrill, Jr., Esq. Suite M-100, 1055 Thomas

Jefferson St. NW, Washington, D.C. 20007 in accordance with the Definitions and Instructions

set forth below.

## DEFINITIONS

1.      The definitions and rules of construction set forth in the Federal Rules of Civil

Procedure are hereby incorporated and apply to the requests for the production of Documents set

forth herein (the "Requests," and each, a "Request"). These definitions apply throughout these

Requests without regard to capitalization. Etrak reserves the right to deliver and serve additional

Requests. As used in the Requests, the words set forth below shall be defined as follows.

2.      "Account" or "Accounts" refer to all presently existing and hereafter arising

accounts, including, but not limited to, accounts receivable, contract receivables, receivables of

any kind, brokerage accounts, and deposit accounts.

3.      "Action" refers to the above-captioned action in the District of Columbia.

4.      "Communication" refers to the transmittal of information (in the form of facts,

ideas, inquiries or otherwise).

5.      "Concerning" means relating to, referring to, describing, evidencing or

constituting.

6.      "Document" or "Documents" are defined to be synonymous in meaning and equal

in scope to the usage of the term "documents or electronically stored information" in Fed. R.

Civ. P. 34(a)(1)(A), and includes writings, drawings, graphs, charts, photographs, sound

recordings, images, and other data or data compilations stored in any medium from which

information can be obtained either directly or, if necessary, after translation by the responding

2

party into a reasonably usable form. A draft or non-identical copy is a separate document within the meaning of this term.

7.      Identified State Controlled Entities" refers to the Libyan National Oil Corporation, the Libyan National Oil Corporation Houston Branch, Libyan Arab Foreign Investment Company, Organization for Development of Administrative Centres, Libyan Investment Authority Oilinvest Group, and Tamoil Group.

8.      "Interrogatory" or "Interrogatories" refer to the Interrogatories set forth in Petitioner's First Set of Post-Judgment Interrogatories to Respondent The State of Libya, dated May 21, 2025, and served pursuant to Fed. R. Civ. P. 33 in connection with the above-captioned Action.

9.      "Person" or "Persons" refer to any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

10.     "Relevant Time Period" means March 30, 2022 through the present.

11.     "State Controlled Entity" or "State Controlled Entities" refer to any agency, corporation, department, ministry, subdivision or other entity controlled directly or indirectly by Libya, or more than 50% of the equity or other ownership interest is directly or indirectly owned or held by Libya, including without limitation any Identified State Controlled Entities.

12.     "Etrak" refers to Etrak İnşaat Taahhüt Ve Ticaret Anonim Şirketi, its predecessors, successors, divisions, parent, subsidiaries, affiliates, and each person directly or indirectly, wholly, including in part, owned or controlled by it.

13.     "Libya," "Respondent," "You," and "Your" refer to the Respondent The State of Libya, as well as its agencies, instrumentalities, ministries, political subdivisions, representatives,

3

State Controlled Entities, alter-egos, and assigns, and all other Persons acting or purporting to act for or on Libya's behalf, whether or not authorized to do so.

14.     To bring within the scope of these Requests all information that might otherwise be construed to be outside of their scope, the following rules of construction apply: (i) the singular includes the plural and vice versa; (ii) the masculine, feminine, or neuter pronoun does not exclude other genders; (iii) the connectives "and" and "or" should be read either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope; (iv) the terms "any," "all," and "each" should be read to mean any, all, each, and every; (v) the word "including" should be read to mean including, without limitation; (vi) the present tense should be construed to include the past tense and vice versa; (vii) references to employees, officers, directors, or agents include both current and former employees, officers, directors, and agents; and (viii) defined terms should be given their broadest meaning regardless of whether they are capitalized in the Requests.

## INSTRUCTIONS

1.     These Requests are continuing in nature, requiring supplemental production of Documents if You later identify additional Documents responsive to these requests pursuant to Federal Rules of Civil Procedure 26(e) and 34.

2.     In the event that any Document called for by these Requests has been destroyed or discarded, that Document is to be identified by stating: (i) any addressor and addressee; (ii) any indicated or blind copy recipients; (iii) the Document's date, subject matter, number of pages, and attachments or appendices; (iv) all Persons to whom the document was distributed, shown or explained; (v) the date of destruction or discard, manner of destruction or discard, and reason for

destruction or discard; and (vi) the Persons authorizing and carrying out such destruction or discard.

3.  In complying with the Requests, You are required to produce all Documents described below which are in Your possession, custody, or control, including those Documents in the possession, custody, or control of Your directors, officers, partners, members, agents, employees, representatives, subsidiaries, managing agents, affiliates, investigators, or by your attorneys and their agents, employees, representatives or investigators, or other Persons acting or purporting to act on your behalf, regardless of location.

4.  For the purpose of reading, interpreting, or construing the scope of these Requests, the terms used should be given their most expansive and inclusive interpretation.

5.  Unless instructed otherwise, each Request should be construed independently and not by reference to any other Request for the purpose of limitation.

6.  If any portion of a Document is responsive to any Request, the entire Document should be produced. You must respond to each Request separately and fully, unless it is objected to, in which event the reasons for the objection should be specifically and separately stated. If You object to part of a Request, You must produce all Documents responsive to the part of the Request to which You did not object.

7.  If You withhold any Document, or any portion of any Document, under a claim of privilege or other protection, You shall comply with Rule 26 of the Federal Rules of Civil Procedure.

8.  If information is redacted from a Document produced in response to a Request, You shall identify the redaction by stamping the word "Redacted" on the Document at each place where information has been redacted and separately log each redaction on a privilege log.

9.      If You cannot respond to these Requests in full after exercising due diligence to secure the Documents requested, You shall so state and respond to the extent possible, specifying the nature of Your inability to respond to the remainder.

10.      If there are no Documents responsive to a particular Request in Your possession, custody, or control, provide a written response so stating.

11.      If You believe that any Request, definition, or instruction is ambiguous, in whole or in part, You must nonetheless respond and (i) set forth the matter deemed ambiguous and (ii) describe the manner in which You construed the Request in order to frame Your response.

12.      Unless otherwise instructed or clear from the context of the Request, these Requests seek responsive Documents authored, generated, disseminated, drafted, produced, reproduced, received, obtained, or otherwise created or distributed, concerning, or in effect during, the Relevant Time Period.

## REQUESTS FOR PRODUCTION

**Request No. 1**

Documents sufficient to identify all Accounts maintained outside the territory of Libya in whole or in part in the name of Libya, beneficially held in whole or in part by Libya, for which Libya is a signatory, or through which funds are transferred by or to Libya.

**Request No. 2**

Documents sufficient to identify the current account balance, currency, and as-of date for all Accounts identified in response to Interrogatory No. 1.

**Request No. 3**

Documents sufficient to identify the transaction history for all Accounts identified in response to Interrogatory No. 1.

**Request No. 4**

Documents Concerning all commercial or standby letters of credit in which Libya is listed as the applicant or beneficiary, including but not limited to invoices and bills of lading related to the letter of credit, for which any part of the underlying transaction is to involve assets or parties located in whole or in part outside the territory of Libya.

**Request No. 5**

Documents Concerning outstanding loans for which Libya is listed as the borrower or guarantor, including but not limited to information regarding the purpose of the loan and all collateral that was used to secure the loan, for which the loan proceeds are to be paid or received in whole or in part outside the territory of Libya.

**Request No. 6**

Documents sufficient to identify any asset or property of any kind whatsoever, located in whole or in part outside the territory of Libya, which Libya owns directly or indirectly, in whole or in part, as sole owner or jointly with others, either of record or beneficially, including without limitation as a partner, general or limited, limited liability member, fiduciary, and as an equity or debt holder, or demand deposit holder.

**Request No. 7**

Documents Concerning any asset or property of any kind whatsoever, located in whole or in part outside the territory of Libya, to which Libya has asserted a claim, including Documents sufficient to identify any party outside Libya against which Libya has made such a claim.

**Request No. 8**

All Documents and Communications Concerning the issuance of any securities or bond offering outside the territory of Libya in which Libya participated or expects to participate as an issuer or

seller in the period from January 1, 2019 to the present, including any agreements related to fiscal agent, trustee, or paying agent relationships.

**Request No. 9**

For any offering identified in response to Interrogatory No. 5, Documents sufficient to identify the (a) type of security or bond, (b) the issuer, (c) the place(s) of issuance, (d) date(s) of issuance, (e) underwriter, and (f) the monetary value or other measure of amount.

**Request No. 10**

Documents sufficient to identify each bank or financial institution identified in connection with Document Request No. 8, including: (a) its business address; (b) the name of Libya's principal contact; and (c) the approximate date of Libya's most recent Communication.

**Request No. 11**

All organizational charts for the Central Bank of Libya, Libyan Investment Authority, the Renewable Energy Agency, the Ministry of Agriculture & Livestock Resources, Ministry of Water Resources, Ministry of Marine Resources, Ministry of Foreign Affairs and International Cooperation, Ministry of Health, Ministry of Industry and Minerals, Ministry of Economy and Trade, Ministry of Oil and Gas, Ministry of Interior, Ministry of Finance, Ministry of Planning, Ministry of State (including but not limited to Ministry of State for Economic Affairs), Libyan Supreme Council for Oil and Energy, Libyan Supreme Council for Energy Affairs, Libya's Secretary of Petroleum, and the Identified State Controlled Entities from January 1, 2020 to the present.

**Request No. 12**

Lists of all officers, directors, and governors of the Central Bank of Libya, Libyan Investment Authority, the Renewable Energy Agency, the Ministry of Agriculture & Livestock Resources,

Ministry of Water Resources, Ministry of Marine Resources, Ministry of Foreign Affairs and International Cooperation, Ministry of Health, Ministry of Industry and Minerals, Ministry of Economy and Trade, Ministry of Oil and Gas, Ministry of Interior, Ministry of Finance, Ministry of Planning, Ministry of State (including but not limited to Ministry of State for Economic Affairs), Libyan Supreme Council for Oil and Energy, Libyan Supreme Council for Energy Affairs, Libya's Secretary of Petroleum, and the Identified State Controlled Entities from January 1, 2020 to the present.

**Request No. 13**

All Documents reflecting that officers, directors, or employees of the Identified State Controlled Entities concurrently or successively held a position with Libya (including but not limited to Libya's General People's Congress or Committee, the Central Bank of Libya, Libyan Investment Authority, the Renewable Energy Agency, the Ministry of Agriculture & Livestock Resources, Ministry of Water Resources, Ministry of Marine Resources, Ministry of Foreign Affairs and International Cooperation, Ministry of Health, Ministry of Industry and Minerals, Ministry of Economy and Trade, Ministry of Oil and Gas, Ministry of Interior, Ministry of Finance, Ministry of Planning, Ministry of State (including but not limited to Ministry of State for Economic Affairs), Libyan Supreme Council for Oil and Energy, Libyan Supreme Council for Energy Affairs, Libya's Secretary of Petroleum) from January 1, 2020 to the present.

**Request No. 14**

All organizational documents for the Central Bank of Libya, Libyan Investment Authority, the Renewable Energy Agency, the Ministry of Agriculture & Livestock Resources, Ministry of Water Resources, Ministry of Marine Resources, Ministry of Foreign Affairs and International Cooperation, Ministry of Health, Ministry of Industry and Minerals, Ministry of Economy and

Trade, Ministry of Oil and Gas, Ministry of Interior, Ministry of Finance, Ministry of Planning, Ministry of State (including but not limited to Ministry of State for Economic Affairs), Libyan Supreme Council for Oil and Energy, Libyan Supreme Council for Energy Affairs, Libya's Secretary of Petroleum, and the Identified State Controlled Entities including, but not limited to, decrees, statutes, resolutions, charters and articles of association from January 1, 2020 to the present.

**Request No. 15**

All corporate resolutions, board minutes, and stock certificates of the Identified State Controlled Entities from January 1, 2020 to the present.

**Request No. 16**

Documents reflecting the addresses and telephone and fax numbers of the General People's Congress or Committee, the Central Bank of Libya, Libyan Investment Authority, the Renewable Energy Agency, the Ministry of Agriculture & Livestock Resources, Ministry of Water Resources, Ministry of Marine Resources, Ministry of Foreign Affairs and International Cooperation, Ministry of Health, Ministry of Industry and Minerals, Ministry of Economy and Trade, Ministry of Oil and Gas, Ministry of Interior, Ministry of Finance, Ministry of Planning, Ministry of State (including but not limited to Ministry of State for Economic Affairs), Libyan Supreme Council for Oil and Energy, Libyan Supreme Council for Energy Affairs, Libya's Secretary of Petroleum, and the Identified State Controlled Entities from January 1, 2020 to the present, including any documents reflecting common office space, addresses, or telephone numbers.

**Request No. 17**

All Communications to, from, or among Libya, as defined above, concerning the repudiation, payment, or non-payment of the judgment in this Action, the arbitral award entered on July 22, 2019 in the Etrak v. Libya arbitration, or any other action to enforce that award.

**Request No. 18**

All Documents, including powers of attorney, Concerning the authority of officers, directors, and/or governors of the General People's Congress or Committee, the Central Bank of Libya, Libyan Investment Authority, the Renewable Energy Agency, the Ministry of Agriculture & Livestock Resources, Ministry of Water Resources, Ministry of Marine Resources, Ministry of Foreign Affairs and International Cooperation, Ministry of Health, Ministry of Industry and Minerals, Ministry of Economy and Trade, Ministry of Oil and Gas, Ministry of Interior, Ministry of Finance, Ministry of Planning, Ministry of State (including but not limited to Ministry of State for Economic Affairs), Libyan Supreme Council for Oil and Energy, Libyan Supreme Council for Energy Affairs, Libya's Secretary of Petroleum, and the Identified State Controlled Entities to act on behalf of one another from January 1, 2020 to the present.

**Request No. 19**

All Documents Concerning the authority of Libya (including the Libyan Prime Minister, the General People's Congress or Committee, the Central Bank of Libya, Libyan Investment Authority, the Renewable Energy Agency, the Ministry of Agriculture & Livestock Resources, Ministry of Water Resources, Ministry of Marine Resources, Ministry of Foreign Affairs and International Cooperation, Ministry of Health, Ministry of Industry and Minerals, Ministry of Economy and Trade, Ministry of Oil and Gas, Ministry of Interior, Ministry of Finance, Ministry of Planning, Ministry of State (including but not limited to Ministry of State for Economic Affairs), Libyan Supreme Council for Oil and Energy, Libyan Supreme Council for Energy

11

Affairs, Libya's Secretary of Petroleum) to determine policies of the Identified State Controlled Entities from January 1, 2020 to the present.

**Request No. 20**

All Documents Concerning any obligations of Libya that were reviewed, approved, guaranteed, and/or paid by the Identified State Controlled Entities, or vice versa.

**Request No. 21**

All Documents Concerning meetings or Communications pertaining to Etrak between or among Libya, as defined above.

**Request No. 22**

All judicial or administrative decisions or related court papers concerning the relationships among or between the General People's Congress or Committee, the Central Bank of Libya, Libyan Investment Authority, the Renewable Energy Agency, the Ministry of Agriculture & Livestock Resources, Ministry of Water Resources, Ministry of Marine Resources, Ministry of Foreign Affairs and International Cooperation, Ministry of Health, Ministry of Industry and Minerals, Ministry of Economy and Trade, Ministry of Oil and Gas, Ministry of Interior, Ministry of Finance, Ministry of Planning, Ministry of State (including but not limited to Ministry of State for Economic Affairs), Libyan Supreme Council for Oil and Energy, Libyan Supreme Council for Energy Affairs, Libya's Secretary of Petroleum, and the Identified State Controlled Entities, from January 1, 2020 to the present.

**Request No. 23**

All Documents reflecting Libya's beliefs concerning the benefits of conducting business in the United States of America from January 1, 2017 to the present. This Request includes but is not

limited to the perceived benefits of locating the National Oil Corporation's first international office in Houston, Texas, in the United States of America.

**Request No. 24**

All Documents Concerning Libya's decision(s) to conduct business in the United States of America from January 1, 2017 to the present. This Request includes but is not limited to the decision of the Libyan National Oil Corporation to open the Libyan National Oil Corporation Houston Branch.

**Request No. 25**

All contracts or agreements between Libya, as that term is defined herein, and any third party where such third party is located in the United States of America or the subject matter of the contract or agreement pertains to business or activities undertaken in whole or in part in the United States of America.

Dated: May 21, 2025                               Respectfully submitted,

*/s/ Molly L. Wells*
Molly L. Wells (pro hac vice)
Benjamin D. Reichard (pro hac vice)
Fishman Haygood LLP
201 St. Charles Ave., Suite 4600
New Orleans, LA 70170
Tel.: (504) 556-5505
Fax: (504) 586-5250
Email: mwells@fishmanhaygood.com

Charles Owen Verrill, Jr., Esq.
Bar No. 13245
Suite M-100
1055 Thomas Jefferson St. NW
Washington, D.C. 20007
(202) 390-8245
Email: charlesverrill@gmail.com

*Counsel for Etrak*

## CERTIFICATE OF SERVICE

I hereby certify that, on May 21, 2025, I caused a true and correct copy of the notice to be served on the persons below by electronic mail:

William T. O'Brien (D.C. Bar No. 450891)
John W. Lomas, Jr. (D.C. Bar No. 976555)
Daniel Morris (D.C. Bar No. 1018371)
Eversheds Sutherland (US) LLP
700 Sixth St., N.W. Ste. 700
Washington, D.C. 20001
(202) 383-0100
williamobrien@eversheds-sutherland.com
johnlomas@eversheds-sutherland.com
danielmorris@eversheds-sutherland.com

*Attorneys for The State of Libya*

/s/ *Molly L. Wells*
Molly L. Wells

Dated: New Orleans, LA
       May 21, 2025