UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---------------------------------------------------------------------- x
ETRAK İNŞAAT TAAHHÜT VE TİCARET ANONİM ŞİRKETİ, :
:
              Plaintiff, :
:
              -against- : Case No. 1:22-cv-00864-JMC
:
THE STATE OF LIBYA, :
:
              Defendant. :
:
---------------------------------------------------------------------- x

## MEMORANDUM IN SUPPORT OF
## MOTION TO COMPEL

MAY IT PLEASE THE COURT:

    Petitioner Etrak İnşaat Taahhüt Ve Ticaret Anonim Şirketi ("Etrak" or "Petitioner") respectfully requests that this Court issue an order compelling Defendant the State of Libya, on or before a date certain, to respond to Petitioner's First Set of Post-Judgment Interrogatories to Respondent the State of Libya and Petitioner's First Set of Post-Judgment Requests for Production to Respondent the State of Libya (collectively, "Post-Judgment Discovery," which is attached hereto as Ex. A) and to produce the requested documents. For the reasons stated herein, this Court should grant the instant motion and order Libya to respond to the Post-Judgment Discovery and produce the requested documents, all by a date certain. To encourage cooperation

272891v.1

with any such order, this Court should further set penalties therein for any future noncompliance with the order.

## INTRODUCTION

On March 3, 2025, this Court issued judgment in Etrak's favor in the amount of USD 30,128,994.40 plus post-judgment interest at the statutory rate (the "Judgment"), which Judgment remains unpaid to date. As a result, Etrak issued Post-Judgment Discovery under Rule 69 of the Federal Rules of Civil Procedure to Libya by serving the same on May 21, 2025, via e-mail correspondence to Libya's counsel enrolled in this action. After the deadline for responses passed, Etrak again sent an e-mail to counsel for Libya to inquire regarding the status of Libya's responses to the Post-Judgment Discovery. Though counsel for Libya responded that they were not authorized to accept service of the Post-Judgment Discovery, they remain enrolled in this action, and therefore, Etrak's e-mail service on them of the Post-Judgment Discovery was effective as to Libya. Moreover, as described below, Eversheds lawyers have continued to engage with counsel for Etrak regarding the arbitral award underlying this Court's March 3, 2025 Judgment in the wake thereof. Nevertheless, though the deadline for responses has long passed, Libya has completely failed to provide any response whatsoever to the Post-Judgment Discovery Requests or to produce any of the requested documents. Etrak therefore prays this Court will grant the instant Motion and issue an order compelling Libya to respond to the Post-Judgment Discovery and produce the requested documents, all by a date certain, and setting penalties for any future noncompliance with that order.

## BACKGROUND

Beginning in the 1980s, Etrak—a Turkish company—carried out a number of public construction projects for Libya. ECF 21 ¶¶ 3, 16. When Libya failed to pay Etrak for its services,

Etrak sued in Libyan court. Id. ¶¶ 16, 18. In October 2012, the Court of First Instance in Beida, Libya ordered the state to pay Etrak LYD (Libyan dinar) 1,906,360.23, plus interest, as well as LYD 1,000,000 in damages. Id. ¶ 18.

In December 2013, Etrak and Libya entered into a settlement agreement. Id. ¶ 19. Etrak settled its claims against Libya in return for payment of LYD 5,420,308.707, and the parties agreed to abandon further court proceedings relating to the Libyan court's award. Id.

When Libya failed to pay Etrak in violation of the settlement agreement, Etrak initiated arbitration proceedings with the International Chamber of Commerce ("ICC") pursuant to Libya and Turkey's bilateral investment protection treaty (the "BIT"). Id. ¶¶ 20-21, 23. The BIT requires Libya to accord Turkish investors "fair and equitable treatment" and settle disputes "in good faith," and provides for arbitration if those disputes cannot be resolved. Id. ¶ 22; ECF 1-4 at 44. Etrak submitted its request for arbitration to the ICC in August 2016, and the parties agreed to Geneva, Switzerland as the legal seat of the arbitration. ECF 21 ¶¶ 23– 24. Eversheds represented Libya in the ICC proceedings. ECF 1-4, at 2.

In July 2019, the ICC arbitral tribunal awarded Etrak $21,865,554 USD in damages, plus interest and arbitration costs (the "Award"). Id. at 91-92.

In September 2019, Libya appealed the Award to the Swiss Federal Court, arguing that the tribunal lacked jurisdiction and the Award should be set aside. ECF 21 ¶ 31. In November 2020, the Swiss court found for Etrak. Id. Etrak commenced confirmation and enforcement proceedings around the world, including in Germany and France, where Eversheds again represented Libya. *See* ECF 29-2, at 36 (showing Eversheds represented Libya in Germany proceeding); ECF 31-4, at 1 (showing Eversheds represented Libya in France proceeding).

In 2022, Etrak initiated this confirmation action in the United States. ECF 1. Etrak effected service on Libya under 28 U.S.C. § 1608(3) on August 21, 2022. ECF 17. Etrak sought to have this Court confirm the Award to permit enforcement against Libya's U.S.-based assets. ECF 1, 28. On September 8, 2022, Eversheds attorneys John W. Lomas, Jr., William T. O'Brien, and Daniel G. Morris entered appearances on behalf of Libya. ECF 18-20. They moved on Libya's behalf to stay the case due to the ongoing confirmation proceedings abroad. ECF 22. These attorneys have continued to represent Libya in this action to present.

On February 4, 2025, this Court issued its Memorandum Opinion and Order granting Etrak's motion to confirm the Award and denying Libya's motion to stay. ECF 36 & 37.

One week later, Eversheds lawyer Jonathan Leach contacted Etrak's Turkish counsel to discuss the parties' ongoing dispute over Etrak's Award. *See* Ex. C, Email exchange between Etrak's Turkish counsel and Libya's counsel (irrelevant and confidential content redacted). Mr. Leach and counsel for Etrak have been engaged in a consistent back-and-forth since that date. *See id.*

On March 3, 2025, this Court entered Judgment for Etrak in the amount of USD 30,128,994.40 plus post-judgment interest at the statutory rate under 28 U.S.C. § 1961. ECF 39. The Judgment is now final.

Although Eversheds continued to engage with Etrak's Turkish counsel regarding Etrak's dispute with Libya and the Award, *see* Ex. C, Libya has failed to date to honor the Judgment. As a result, Etrak issued post-judgment discovery requests under Rule 69 of the Federal Rules of Civil Procedure to gather information regarding assets of Libya against which the Judgment may be enforced. *See* Ex. A, Post-Judgment Discovery. In compliance with Rule 69 and Rule 5(b)(1), Etrak served these requests on May 21, 2025, by sending them to Eversheds Counsel, who

remain enrolled in this action for Libya. *See* Ex. B, E-mail exchange between counsel, at 2. Etrak followed up on the requests on June 25, 2025, given Libya's failure to respond to the same despite the passage of the 30-day window for response. *Id.* at 1. Etrak sought to confer with Libya regarding the lack of response and indicated that it would pursue a motion to compel if the responses were not forthcoming. *See id.* Although Eversheds was still enrolled in this action and still acting explicitly on behalf of Libya's State Litigation Department in correspondence with Etrak's Turkish counsel, Eversheds's Mr. Lomas responded on June 26, 2025 that Eversheds purportedly was not "authorized to accept service of discovery requests on Libya's behalf." *See id.* at 1.

One week later, on July 3, 2025, Eversheds attorneys Mr. Lomas and Mr. O'Brien (collectively, "Eversheds Counsel") filed their Motion to Withdraw. ECF 40. In it, they seek to withdraw from the representation of Libya in this matter without substitution of other counsel. *Id.* Eversheds Counsel provide no compelling reason for the withdrawal, and they seek to require Etrak to make service of its discovery requests and any further pleadings in this matter in the manner allegedly "customary [for] notifying countries of any proceedings"—specifically, via "diplomatic channels." *Id.* Eversheds Counsel did not confer with undersigned counsel prior to filing their Motion to Withdraw as required by Local Rule 7(m) for all nondispositive motions in a civil action. Further, in violation of Local Rule 83.6(c), the Motion to Withdraw and accompanying certificate of service fails to certify that Eversheds Counsel advised Libya to obtain other counsel or to inform the Clerk in writing within 7 days that it intends to proceed *pro se*.

Yet, Eversheds Counsel's Motion to Withdraw only underscores that Etrak properly served its Post-Judgment Requests on Eversheds Counsel. Otherwise, Eversheds Counsel would

5

272891v.1

not now feel compelled to seek to withdraw. As Etrak argues in its Opposition brief to be filed immediately following the instant Motion to Compel, Eversheds Counsel's Motion to Withdraw must be denied. No matter the outcome of the Motion to Withdraw, however, Etrak's service of the Post-Judgment Discovery on Libya's counsel was effective, and its responses to the Post-Judgment Discovery and the requested documents are now overdue. Etrak therefore files this Motion to Compel seeking an order from this Court requiring Libya to respond to the Post-Judgment Discovery and to produce the requested documents, all by a date certain, and setting penalties for any future noncompliance with that order.

## LAW AND ARGUMENT

Etrak is entitled to conduct the post-judgment discovery that it seeks. Libya's wholesale failure to respond to the Post-Judgment Discovery has left Etrak no choice but to pursue this Motion to Compel. As explained below, this Court should grant it.

"The rules governing discovery in post-judgment execution proceedings are quite permissive." *Republic of Argentina v. NML Capital, Ltd.*, 573 U.S. 134, 138 (2014). "As a general rule, legal victors may engage in broad post-judgment discovery." *Amduso v. Republic of Sudan*, 288 F. Supp. 3d 90, 94 (D.D.C. 2017). A judgment creditor, "[i]n aid of the judgment or execution, . . . may obtain discovery from any person—including the judgment debtor—as provided in [the Federal Rules of Civil Procedure]." Fed. R. Civ. P. 69. "The Federal Rules allow for discovery 'regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.'" *Owens v. Republic of Sudan*,

6

272891v.1

No. CV 01-2244 (JDB), 2020 WL 4039302, at *2 (D.D.C. July 17, 2020) (quoting Fed. R. Civ. P. 26(b)(1)). Indeed, "the Supreme Court has authorized 'sweeping' post-judgment discovery against foreign sovereigns" to permit the judgment creditor to identify the judgment debtor's worldwide assets and whether they are executable. *See Tatneft v. Ukraine*, No. CV 17-582 (CKK), 2021 WL 5353024, at *3-5 (D.D.C. Oct. 18, 2021) (citing *Republic of Argentina*, 573 U.S. at 145).

Even if a party objects to discovery requests, it must do so in writing, with specificity, and within the applicable thirty-day deadline. Under Rule 33, governing interrogatories, "[t]he grounds for objecting to an interrogatory must be stated with specificity," Fed. R. Civ. P. 33(b)(4). Rule 34, which pertains to requests for production of documents, requires that "[f]or each item or category, the response must . . . state with specificity the grounds for objecting to the request." Fed. R. Civ. P. 34(b)(2)(B). Responses and objections to interrogatories and requests for production are subject to a thirty-day deadline. Fed. R. Civ. P. 33(b)(2) & 34(b)(2)(A). Generally speaking, objections not lodged within that thirty-day window are waived. *See, e.g.*, *Ormeno v. 3624 Georgia Ave., Inc.*, 309 F.R.D. 29, 32 (D.D.C. 2015) (holding objections to interrogatories waived when not asserted within 30-day deadline under Rule 33); *Nasreen v. Capitol Petroleum Grp., LLC*, 340 F.R.D. 489, 497 (D.D.C. 2022) (holding non-privilege objections to requests for production waived when not asserted timely).

Rule 37 permits a party to seek a court order compelling discovery responses and the production of requested documents upon the opposing party's failure to respond. *See Breiterman v. U.S. Capitol Police*, 324 F.R.D. 24, 27 (D.D.C. 2018) ("[A] party seeking discovery through an interrogatory under Rule 33 [or] the production of documents under Rule 34" may seek an

7

order compelling a response under Rule 37. (citing Fed. R. Civ. P. 37(a)(1), 37(a)(3)(B)(i), (iii)–(iv))).

After this Court entered Judgment in Etrak's favor and Libya failed to either pay the Judgment or appeal the Judgment, Etrak issued Post-Judgment Discovery to Libya to enable Etrak to identify Libya's assets worldwide and whether such assets are executable. *See* Ex. A, Post-Judgment Discovery. Undoubtedly, Etrak is entitled to engage in such discovery. *See* Fed. R. Civ. P. 69; *Republic of Argentina*, 573 U.S. at 138, 145; *Owens*, 2020 WL 4039302, at *2. On May 21, 2025, Etrak properly served those requests on Libya through its counsel who are enrolled in this action and via e-mail correspondence. *See, e.g.*, *Berry v. Hawaiian Express Serv., Inc.*, No. 03-00385 SOM-LEK, 2007 WL 2225800, at *3 (D. Haw. July 30, 2007) ("[T]he Court finds that Rule 69(a) entitles Defendants to obtain discovery from Plaintiff, . . . and that Rule 5(b)(1) directs that service of any order, pleading or paper relating to discovery made on Plaintiff's attorney shall be considered service on Plaintiff as a party to this action."). Though Libya's counsel now claims that they no longer represent Libya and cannot accept service of the Post-Judgment Discovery, the longstanding relationship between Eversheds and Libya, as described above, as well as such counsel's continued enrollment in this action all suggest otherwise. *See* Ex. B; Ex. C. Etrak's service of the Post-Judgment Discovery was effective, and Libya's deadline for responding and producing documents is long gone.

Nevertheless, Libya has provided no response whatsoever to Etrak's Post-Judgment Discovery, and it has waived its objections to those requests as a result. Etrak now seeks an order under Rule 37 compelling Libya to respond to the Post-Judgment Discovery and produce the requested documents, all by a date certain to be set by this Court. Moreover, because Libya's longstanding course of conduct strongly suggests that it will not be cooperative in discovery,

8

Etrak prays that this Court will set penalties for any future noncompliance with any order compelling responses and production of documents. *See, e.g.*, *Commissions Imp. Exp. S.A. v. Republic of the Congo*, No. CV 13-713 (RJL), 2017 WL 6626205, at *2 (D.D.C. Mar. 31, 2017) (granting attorney's withdrawal but ordering Congo to respond to post-judgment discovery within 45 days or face fines of "$5,000 per week, doubling every four weeks until reaching a maximum of $80,000 per week, unless and until [Congo] satisfies its discovery obligations").[1]

## CONCLUSION

For the reasons stated herein, this Court should grant Etrak's Motion to Compel and issue an order compelling Libya to respond to the Post-Judgment Discovery and produce the requested documents, all by a date certain to be set by this Court, and setting penalties for any future noncompliance with that order.

**DATED:** July 17, 2025

Respectfully submitted,

/s/ *Molly L. Wells*
Molly L. Wells (*pro hac vice*)
Benjamin D. Reichard (*pro hac vice*)
**Fishman Haygood LLP**
201 St. Charles Ave., Suite 4600
New Orleans, LA 70170
Tel.: (504) 556-5505
Fax: (504) 586-5250
Email: mwells@fishmanhaygood.com

Charles Owen Verrill, Jr., Esq.
Bar No. 13245
Verrill Advocacy, LLC
Suite M-100
1055 Thomas Jefferson St. NW
Washington, D.C. 20007
(202) 390-8245
charlesverrill@gmail.com

*Counsel for Etrak*

---

[1] For more on this point, please see Etrak's forthcoming Opposition to the Motion to Withdraw.

272891v.1

## **CERTIFICATE**

    I certify that a copy of the foregoing was served on all counsel of record via the Court's CM/ECF system.

                                                      */s/ Molly L. Wells*

272891v.1