# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

---

ETRAK İNŞAAT TAAHHÜT VE TİCARET ANONİM ŞİRKETİ,

        Plaintiff,

    -against-

THE STATE OF LIBYA,

        Defendant.

Case No. 1:22-cv-00864-JMC

---

## PETITIONER'S OPPOSITION TO MOTION TO STAY

Petitioner Etrak İnşaat Taahhüt Ve Ticaret Anonim Şirketi ("Etrak" or "Petitioner"), through undersigned counsel, respectfully files this memorandum in opposition[1] to The State of Libya ("Libya")'s Motion to Stay (ECF 45) Etrak's Motion to Compel (ECF 42) pending a decision on counsel for Libya's Second Motion to Withdraw (ECF 44).

Having lost this case on the merits, Libya now seeks to escape the consequences of that loss via its attorneys' withdrawal from the case to frustrate post-judgment discovery and, ultimately, collection of the judgment. This Court should not sanction such conduct. For reasons stated herein, Libya's Motion to Stay and or for Extension of Time must be denied.

---

[1] Etrak files this opposition in an abundance of caution despite this Court's July 31, 2025, Minute Order, which stayed Libya's Motion to Stay while effectively granting it in part. It is hoped that having Etrak's opposition in writing prior to the September 19, 2025, status conference will be of assistance to the Court.

**BACKGROUND**

On March 3, 2025, this Court entered Judgment for Etrak in the amount of USD 30,128,994.40 plus post-judgment interest at the statutory rate under 28 U.S.C. § 1961. ECF 39. The Judgment is now final, and it remains unpaid.

As a result, Etrak issued post-judgment discovery requests under Rule 69 of the Federal Rules of Civil Procedure to gather information regarding assets of Libya against which the Judgment may be enforced. *See* ECF 46-3 (Post-Judgment Discovery). In compliance with Rule 69 and Rule 5(b)(1), Etrak served these requests on May 21, 2025, by sending them to Eversheds Counsel, who remain enrolled in this action for Libya. *See* ECF 46-4 (E-mail exchange between counsel, at 2). Etrak followed up on the requests on June 25, 2025, given Libya's failure to respond to the same despite the passage of the 30-day window for response. *Id.* at 1. Etrak sought to confer with Libya regarding the lack of response and indicated that it would pursue a motion to compel if the responses were not forthcoming. *See id.* Although Eversheds was still enrolled in this action and still acting explicitly on behalf of Libya's State Litigation Department in correspondence with Etrak's Turkish counsel, Eversheds's Mr. Lomas responded on June 26, 2025 that Eversheds purportedly was not "authorized to accept service of discovery requests on Libya's behalf." *See id.* at 1.

One week later, on July 3, 2025, Eversheds attorneys Mr. Lomas and Mr. O'Brien (collectively, "Eversheds Counsel") filed their initial motion to withdraw, purportedly on behalf of Libya despite the alleged cessation of representation following the Judgment. ECF 40. They sought to withdraw from the representation of Libya in this matter without substitution of other counsel. *Id.* Eversheds Counsel provided no compelling reason for the withdrawal, and they sought to require Etrak to make service of its discovery requests and any further pleadings in this

matter in the manner allegedly "customary [for] notifying countries of any proceedings"—specifically, via "diplomatic channels." *Id.* Eversheds Counsel neither conferred with undersigned counsel prior to filing the motion as required by Local Rule 7(m) for all nondispositive motions in a civil action nor provided a proposed order for the motion as required by Local Rule 7(c). Further, in violation of Local Rule 83.6(c), the initial motion to withdraw and accompanying certificate of service failed to certify that Eversheds Counsel had advised Libya to obtain other counsel or to inform the Clerk in writing within 7 days that it intends to proceed *pro se*.

On July 17, 2025, Etrak timely opposed the initial motion to withdraw and, separately, moved to compel responses to its post-judgment discovery. ECF 42, 43. A few days later, this Court denied without prejudice Messrs. Lomas and O'Brien's first motion to withdraw due to their failure to provide the requisite Local Rule 83.6(C) certification. *See* Minute Order (July 21, 2025). This Court cautioned:

> Defendant's counsel's motion to withdraw as attorney does not comply with Local Civil Rule 83.6(c), which requires that "a motion to withdraw an appearance shall be accompanied by a certificate of service... stating that the attorney has served upon the party... notice *advising the party to obtain other counsel*, or, if the party intends to conduct the case pro se or to object to the withdrawal, to so notify the Clerk in writing within seven days of service of the motion."

*See id.* (emphasis in original).

On July 28, 2025, Messrs. Lomas and O'Brien filed their second motion to withdraw. ECF 44. Once again, they seek to withdraw without identifying substitute counsel and only because Libya purportedly "has not authorized [them to] engage on its behalf any further" in this matter. *See id.* Though they incorporate the Local Rule 83.6(C) certification, they nevertheless failed again to confer with undersigned counsel before filing the Motion or to provide a proposed order.

The following day, on July 29, 2025, though Messrs. Lomas and O'Brien purportedly lack any authority to do anything on behalf of Libya in this case at this time, they filed the instant opposed Motion to Stay and or for Extension of Time in relation to Etrak's pending Motion to Compel. ECF 45. In the Motion to Stay and or for Extension of Time, Libya argued that Etrak's Motion to Compel should be stayed pending a ruling on the Second Motion to Withdraw or that Libya should be granted an extension to respond to the Motion to Compel only after this Court's ruling on the Second Motion to Withdraw. *Id.* Libya cites to no authority whatsoever in its 8-paragraph-long motion, which it filed without any proposed order, all in violation of Local Rules 7(a) and (c).

Two days after that, on July 31, 2025, before Etrak had the opportunity to oppose the Motion to Stay, this Court issued a minute order stating as follows:

> MINUTE ORDER staying [42] Motion to Compel; staying [44] Motion to Withdraw as Attorney; staying [45] Motion to Stay re Motion to Compel; staying [45] Motion for Extension of Time: The Court is in receipt of Defense Counsel's motion to withdraw. As such, the Court ORDERS that this case is stayed until August 29, 2025 to allow Defendant State of Libya to engage substitute counsel. If no substitute counsel enters an appearance during this period, the Court will then determine whether to grant Defendant Counsel's motion.

*See* Minute Order (July 31, 2025). Though this Minute Order did not grant the instant Motion to Stay on its face, the effect was roughly the same: the case, including the Motion to Compel, was stayed to allow Libya to enroll substitute counsel and/or for the Court to consider the Motion to Withdraw. Because Etrak wanted to ensure that this Court had its opposition to the Second Motion to Withdraw when it took up the Motion to Withdraw, Etrak proceeded to file its opposition during the stay on August 11, 2025.

Since this Court entered the July 31st Minute Order and despite this Court's urging "*to obtain other counsel*" (Minute Order, July 21, 2025), Libya has chosen to persist with its request

4

to withdraw currently enrolled counsel while refusing to enroll substitute counsel. This is disappointing, but it is not surprising. It only affirms what was already abundantly clear: Libya's Second Motion to Withdraw is made entirely for strategic purposes in an attempt to evade service of and the obligation to respond to post-judgment discovery.

Also since this Court's temporary stay expired on August 29, 2025, Etrak has issued third-party discovery and served notices of the same on counsel for Libya in accordance with the Federal Rules of Civil Procedure.

Etrak looks forward to discussing these and other matters at the status conference this Court set for September 19, 2025. *See* Minute Order (September 2, 2025).

To prevent Libya's gamesmanship from prejudicing Etrak and impeding justice, this Court should deny the Motion to Stay and or for Extension of Time and grant Etrak's meritorious Motion to Compel, which Libya has not opposed to date.[2]

## LAW AND ARGUMENT

As a result of Libya's utter failure to provide any authority in support of the stay or extension that it seeks, it is left to Etrak to ground Libya's request in the appropriate legal doctrine. But no matter how you frame Libya's Motion to Stay, it must be denied.

### A. Libya is not entitled to a stay of proceedings to enforce the Judgment.

Libya's requested withdrawal of counsel coupled with its Motion to Stay post-judgment discovery pending a ruling on the withdrawal is nothing more than an improper motion to stay proceedings to enforce this Court's Judgment. Indeed, it is clear from the timing of Libya's Motion to Withdraw and Libya's obstinate refusal to enroll substitute counsel that its intent is to

---

[2] As argued in Etrak's Opposition to Second Motion to Withdraw, this Court should deny that Motion as well or, at a minimum, grant it in a manner that minimizes the prejudice to Etrak. *See* ECF 46.

frustrate Etrak's enforcement efforts entirely. Yet, Libya is not entitled to a stay of enforcement of the Judgment.

Rule 62 of the Federal Rules of Civil Procedure permits judgment debtors to seek a stay of enforcement by "providing a bond or other security." Fed. R. Civ. P. 62(b). Libya has not done so.[3] Thus, it is not entitled to prevent Etrak from taking steps towards enforcing its judgment. *See id.*; *see also, e.g.*, *Doraleh Container Terminal SA v. Republic of Djibouti*, No. MC 23-83 (BAH), 2023 WL 6160015, at *4 (D.D.C. Sept. 21, 2023) (declining to allow judgment debtor sovereign to "halt all proceedings by [judgment creditor] to identify and recover assets" via a "stay [of] discovery without posting bond").

This Court should deny the Motion to Stay for what it is: a motion to stay enforcement of a judgment made without observing any of the procedural requirements for obtaining the same.

**B. This Court should exercise its discretion to deny any extension of its previously.**

Even if this Court views Libya's request for a stay through the lens of its inherent authority to "control the disposition of the causes on its docket with the economy of time and effort for itself, for counsel, and for litigants," Libya's Motion to Stay is due to be denied.

Generally speaking, "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Marsh v. Johnson*, 263 F. Supp. 2d 49, 52 (D.D.C. 2003). Here, however, the "economy of time and effort" weigh against granting a stay. Indeed, Libya seeks a stay pending a determination on the Second Motion to Withdraw precisely because the withdrawal that it seeks will significantly hinder Etrak's efforts to conduct post-judgment discovery so that it may begin to enforce its judgment against Etrak's assets. Permitting Libya to

---

[3] Neither did Libya appeal the Judgment, presumably because it recognizes that the Judgment is legally and factually sound.

proceed *pro se* will make service of any documents—whether orders of this Court or motions or discovery from Etrak—substantially more difficult, costly, and untimely. Thus, this Court should permit Etrak's post-judgment discovery efforts, including its previously filed Motion to Compel, to continue while the Second Motion to Withdraw remains pending. In any case, to the extent that this Court grants the Motion to Stay, it should make clear that such granting has no effect on the third-party discovery that Etrak has issued and served in the wake of this Court's temporary stay that expired on August 29, 2025.

## CONCLUSION

For the reasons stated herein, Libya's Motion to Stay and or for Extension of Time must be denied: This Court should proceed to grant Etrak's Motion to Compel without any further delay.

**DATED:** September 11, 2025

Respectfully submitted,

/s/ *Molly L. Wells*
Molly L. Wells (*pro hac vice*)
Benjamin D. Reichard (*pro hac vice*)
**Fishman Haygood LLP**
201 St. Charles Ave., Suite 4600
New Orleans, LA 70170
Tel.: (504) 556-5505
Fax: (504) 586-5250
Email: mwells@fishmanhaygood.com

Charles Owen Verrill, Jr., Esq.
Bar No. 13245
Suite M-100
1055 Thomas Jefferson St. NW
Washington, D.C. 20007
(202) 390-8245
charlesverrill@gmail.com

*Counsel for Etrak*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served on all counsel of record this date via the Court's CM/ECF system.

                                        */s/ Molly L. Wells*
                                        Molly L. Wells