UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

ETRAK İNŞAAT TAAHHÜT VE TİCARET ANONİM ŞİRKETİ,

    Plaintiff,

-against-

THE STATE OF LIBYA,

    Defendant.

Case No. 1:22-cv-00864-JMC

---

**PETITIONER'S NOTICE OF RESPONDENT'S
NONCOMPLIANCE WITH DISCOVERY ORDER**

Petitioner Etrak İnşaat Taahhüt Ve Ticaret Anonim Şirketi ("Etrak" or "Petitioner") respectfully files this pleading ("Notice") to notify this Court of Respondent The State of Libya ("Libya")'s noncompliance with this Court's September 19, 2025, Order (ECF No. 49). Etrak informs this Court of the following:

1. On September 19, 2025, this Court entered an Order (ECF No. 49) that, among other things, granted Etrak's Motion to Compel (ECF No. 42) Libya to respond to its post-judgment discovery.

2. In the Order, this Court ruled as follows:

Defendant Libya is **ORDERED** to respond to Plaintiff's post-judgment discovery requests, including by producing the requested documents, within forty-five days, by **Monday, November 3, 2025**. It is further **ORDERED** that having received no response from Libya in the time frame provided to respond to discovery requests, Libya's objections to Plaintiff's post-judgment discovery requests are deemed waived; and it is further **ORDERED** that if Libya fails to answer the post-judgment discovery requests and produce requested documents within 45 days of

the entry of this Order, Libya shall show cause on or before the expiration of the 45-day period why a fine payable to Plaintiff should not be imposed in the amount of $5,000 per week, doubling every four weeks until reaching a maximum of $80,000 per week, unless and until Libya satisfies its discovery obligations under this Order.

ECF No. 49.

3. Despite this Court's clear order that Libya respond to the discovery on or before November 3, 2025, or else show cause why it should not be fined, Libya has failed to date to do either. Though the deadline has now passed, Etrak has received neither any discovery responses or document productions from Libya nor any explanation for its failure to provide such responses or documents.

4. Etrak therefore files this Notice to inform the Court that Libya has not complied with its Order (ECF No. 49). Accordingly, Libya must now face a fine, payable to Etrak, "in the amount of 5,000 per week, doubling every four weeks until reaching a maximum of $80,000 per week, unless and until Libya satisfies its discovery obligations under this Order." *Id.*

**WHEREFORE**, Etrak prays that this Court will take note of Libya's ongoing noncompliance with its Order (ECF No. 49) and commence imposing fines, payable to Etrak, as indicated therein.

**DATED:** November 5, 2025          Respectfully submitted,

/s/ *Molly L. Wells*
Molly L. Wells (*pro hac vice*)
Benjamin D. Reichard (*pro hac vice*)
**Fishman Haygood LLP**
201 St. Charles Ave., Suite 4600
New Orleans, LA 70170
Tel.: (504) 556-5505
Fax: (504) 586-5250
Email: mwells@fishmanhaygood.com

Charles Owen Verrill, Jr., Esq.
Bar No. 13245

2

>Suite M-100
>1055 Thomas Jefferson St. NW
>Washington, D.C. 20007
>(202) 390-8245
>[charlesverrill@gmail.com](mailto:charlesverrill@gmail.com)
>
>*Counsel for Etrak*

### CERTIFICATE OF SERVICE

I certify that on November 5, 2025, a copy of the foregoing was served via electronic mail on the contact with the Litigation Department of Libya at the e-mail address provided by Libya's former counsel in this matter, John Lomas of Eversheds.

>*/s/ Molly L. Wells*
>Molly L. Wells