UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---------------------------------------------------------------- x
ETRAK İNŞAAT TAAHHÜT VE TİCARET ANONİM : 
ŞİRKETİ, :
:
             Plaintiff, :
:
         -against- :  Case No. 1:22-cv-00864-JMC
:
THE STATE OF LIBYA, :
:
             Defendant. :
:
:
:
:
---------------------------------------------------------------- x

**PETITIONER'S REPLY MEMORANDUM IN SUPPORT OF
MOTION FOR RELIEF UNDER 18 U.S.C. § 1610(c)**

      Petitioner Etrak İnşaat Taahhüt Ve Ticaret Anonim Şirketi ("Etrak" or "Petitioner") respectfully files this reply memorandum in further support of its Motion for Relief Under 28 U.S.C. § 1610(c) ("Motion"). In further support, Etrak states as follows:

      1.    On October 24, 2025, Etrak filed a Motion asking this Court to issue an Order holding that a "reasonable period of time has elapsed following entry of [the March 3, 2025] judgment" (ECF No. 39) (hereinafter, "Judgment") against Respondent The State of Libya ("Libya") within the meaning of 18 U.S.C. § 1610(c).

      2.    Etrak's Motion is undeniably meritorious. More than eight months have now passed since this Court issued the Judgment. *See* ECF No. 39. Though no bright-line rule exists, courts have held periods as short as six weeks to be sufficient under section 1610(c). *See, e.g.*, *Ned Chartering & Trading, Inc. v. Republic of Pakistan*, 130 F. Supp. 2d 64, 67 (D.D.C. 2001). As Etrak explained in the Motion, it is unaware of Libya having made any effort to honor this

Court's Judgment, and to the contrary, Libya seems to be doing what it can to avoid ever having to do so. *See* ECF No. 52-1, at 7-8. And, as Etrak explained in its Notice of Respondent's Noncompliance (ECF No. 53), Libya is now also in violation of this Court's September 19, 2025, Order (ECF No. 49) requiring Libya to respond to Etrak's post-judgment discovery on or before November 3, 2025, and is incurring large fines as a result. These circumstances, coupled with the passage of eight months' time since the Judgment, certainly satisfy section 1610(c)'s "reasonable period" requirement.

3. Moreover, Etrak's Motion is now conceded. Though Etrak served Libya with the Motion as indicated therein, Libya failed to engage counsel and appear before this Court to oppose the Motion on or before its opposition deadline of November 7, 2025. Thus, under Local Rule 7(b), Libya has conceded the point.

4. All requirements of 28 U.S.C. § 1610(c) are satisfied here, and Etrak's Motion is due to be granted. It is well past time for Libya to pay. After this Court grants the Motion, Etrak will be in a position to force it to do so. Etrak therefore files this reply four days before its deadline to facilitate the Motion's resolution. Etrak has previously provided this Court with a proposed order. *See* ECF No. 52-5.

**WHEREFORE**, Etrak prays that this Court will grant its Motion for Relief Under 28 U.S.C. § 1610(c) and issue an Order holding that a "reasonable period of time has elapsed following the entry of [its March 3, 2025] judgment" within the meaning of 28 U.S.C. § 1610(c).

**DATED:** November 10, 2025     Respectfully submitted,

/s/ *Molly L. Wells*
Molly L. Wells (*pro hac vice*)
Benjamin D. Reichard (*pro hac vice*)
**Fishman Haygood LLP**

2

201 St. Charles Ave., Suite 4600
New Orleans, LA 70170
Tel.: (504) 556-5505
Fax: (504) 586-5250
Email: mwells@fishmanhaygood.com

Charles Owen Verrill, Jr., Esq.
Bar No. 13245
Suite M-100
1055 Thomas Jefferson St. NW
Washington, D.C. 20007
(202) 390-8245
charlesverrill@gmail.com

*Counsel for Etrak*

## CERTIFICATE OF SERVICE

    I certify that on November 10, 2025, a copy of the foregoing was served via electronic mail on the contact with the Litigation Department of Libya at the e-mail address provided by Libya's former counsel in this matter, John Lomas of Eversheds.

                                         */s/ Molly L. Wells*
                                         Molly L. Wells