UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ETRAK İNŞAAT TAAHHÜT VE TİCARET ANONİM ŞİRKETİ,<br><br>           Plaintiff,<br><br>      v.<br><br>THE STATE OF LIBYA,<br><br>           Defendant. | Case No. 22-cv-864 (JMC) |

### MEMORANDUM OPINION

On March 3, 2025, the Court granted Plaintiff Etrak İnşaat Taahhüt Ve Ticaret Anonim Şirketi's (Etrak) motion to confirm an arbitration award it received against Defendant, the State of Libya (Libya), and entered judgment against Libya. ECF 39. Etrak now plans to seek attachment of Libya's assets in execution of the judgment. As a preliminary step to doing so, Etrak seeks an order from this Court demonstrating that it has complied with the requirements of 28 U.S.C. § 1610(c), including a finding by the Court that "a reasonable period of time has elapsed" since the Court entered its judgment. ECF 52-1. Because Plaintiff has satisfied the requirements for a section 1610(c) order, the Court will **GRANT** Plaintiff's motion.[1]

### I.     BACKGROUND

On March 3, 2025, the Court confirmed Etrak's arbitration award against Libya and entered judgment for Etrak in the amount of USD 30,128,994.40. ECF 39. The Court also ordered that post-judgment interest would accrue under 28 U.S.C. § 1961 from the date of the judgment until

---

[1] Unless otherwise indicated, the formatting of citations has been modified throughout this opinion, for example, by omitting internal quotation marks, emphases, citations, and alterations and by altering capitalization. All pincites to documents filed on the docket in this case are to the automatically generated ECF Page ID number that appears at the top of each page.

1

it is satisfied. *Id*. In the nine months that have elapsed since, Libya has demonstrated no efforts to pay the judgment. Etrak has issued and served post-judgment discovery requests upon Libya, which Libya has failed to respond to. ECF 42-3; ECF 42-4. Etrak then moved to compel a response. ECF 42. The Court granted Etrak's motion to compel post-judgment discovery and ordered Libya to respond by November 3, 2025. ECF 49 at 2. To date, Libya has not done so. On October 24, 2025, Etrak filed a motion for relief under 28 U.S.C. § 1610(c). ECF 52.

## II.   LEGAL STANDARD

The Foreign Sovereign Immunities Act bars any "attachment or execution" against certain foreign property until a court has ordered such actions are permissible after "having determined that a reasonable period of time has elapsed following the entry of judgment and the giving of any notice required under section 1608(e) of this chapter." 28 U.S.C. § 1610(c); *Warmbier v. Dem. People's Rep. of Korea,* 2019 WL 11276677, at *1 (D.D.C. April 9, 2019) (A section 1610(c) order serves only to determine that those two requirements—the passage of a reasonable period of time and the notice requirement under section 1608(e)—are met.). A description of the specific property against which attachment or execution is sought is not required. *Id*.

## III.   ANALYSIS

### A. Reasonable Period of Time Elapsed

First, the Court must determine whether "a reasonable period of time has elapsed following the entry of judgment" before allowing Etrak to proceed with the attachment and execution of Libya's U.S.-based property. 28 U.S.C. § 1610(c). The statute leaves the assessment of a "reasonable period" of time up to the Court's discretion. "When making this determination, a court should consider the procedures the foreign state must take to pay the judgment, evidence that the foreign state is attempting to pay the judgment, and evidence that the foreign state is attempting to

evade its obligation." *Eurofinsa, S.A. v. Gabonese Rep.*, No. 23-cv-3013, 2025 WL 1650493, at *3 (D.D.C. June 11, 2025). Other courts in this district have determined that "a period of three months typically satisfies the reasonable time requirement" under section 1610(c). *Id.* (collecting cases); *Warmbier*, 2019 WL 11276677, at *2 (finding three and one-half months to be reasonable where "North Korea . . . made no efforts to satisfy the judgment"); *Baker v. Socialist People's Libyan Arab Jamahirya*, 810 F. Supp. 2d 90, 101 (D.D.C. 2011) (finding that 90 days or "a period of a few months satisfies the time requirement of § 1610(c)").

Here, nine months have elapsed since the Court entered judgment for Etrak and Libya has made no attempt to satisfy the judgment. ECF 39. In fact, Libya has taken actions which indicate to the Court that it is attempting to evade its obligation. *See Eurofinsa, S.A.*, 2025 WL 1650493, at *3. Its previously retained counsel has withdrawn from representation and Libya has refused to engage new counsel even after the Court stayed the case to allow it to do so. *See* July 31, 2025 Min. Order (staying the case for a month to allow Libya to engage substitute counsel). Libya has also failed to comply with this Court's order instructing it to respond to Etrak's post-judgment discovery requests. ECF 49 at 2 (ordering Libya to respond to Etrak's post-judgment discovery requests by November 3, 2025). Libya also has not responded to Etrak's section 1610(c) motion.

Because more than nine months have elapsed since this Court entered judgment against Libya—during which Libya has had multiple opportunities to engage new counsel and respond to Etrak's post-judgment discovery requests—the Court finds that "a reasonable period of time has elapsed following the entry of judgment" within the meaning of section 1610(c).

B. **Notice Pursuant to Section 1608(e)**

Next, Etrak easily meets the second requirement for a section 1610(c) order because no notice is required in this case under section 1608(e). Section 1608 requires that a litigant who

3

obtains a default judgment against a foreign state must send a copy of the default judgment "in the manner prescribed for service in this section." 28 U.S.C. § 1608(e). But section 1608(e)'s notice requirement does not apply to Etrak because the judgment it is seeking to enforce is not a default judgment. Libya has appeared in this proceeding through its counsel, filed an answer to the complaint, and otherwise defended against this action. *See* ECF 18–21; *Baker*, 810 F. Supp. 2d at 101 ("[N]o further notice of the final judgment was required after the defendants filed an appearance in the case."). Through its counsel, Libya was served a copy of the judgment that Etrak seeks to enforce.[2] ECF 39. Accordingly, the notice requirement imposed by section 1608(e) for default judgments does not apply here.

\*   \*   \*

For the foregoing reasons, Etrak's Motion for an Order under 28 U.S.C. § 1610(c), ECF 52, is **GRANTED**. It is hereby **ORDERED** that, based on the Court's findings that 28 U.S.C. § 1610(c) does not require notice under 28 U.S.C. § 1608(e) in this case, and "that a reasonable period of time has elapsed following the entry of judgment," *id*. § 1610(c), Etrak may now seek attachment or execution, pursuant to *id*. § 1610(a)–(b), to satisfy this Court's judgment.

An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

                                                                                       JIA M. COBB
                                                                                       United States District Judge

Date: December 8, 2025

---

[2] Libya's counsel moved to withdraw from their representation of Libya in July 2025, months after the Court entered judgment for Etrak. ECF 44. The Court granted counsel's motion to withdraw, Oct. 6, 2025 Min. Order, and Libya has not retained new counsel since.