IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ETRAK İNŞAAT TAAHHÜT VE TİCARET ANONİM ŞIRKETİ,<br><br>　　　　*Plaintiff*,<br><br>　v.<br><br>STATE OF LIBYA,<br><br>　　　　*Defendant*. | Case No. 1:22-cv-00864 (JMC) |

**DECLARATION OF ROBERT GARCIA**

ROBERT GARCIA declares:

1. I am a member of the firm of Curtis, Mallet-Prevost, Colt & Mosle LLP ("Curtis"), counsel for non-party National Oil Corporation of Libya ("NOC") in the above-captioned action.

2. I submit this declaration in connection with NOC's motion for a protective order (the "Motion") regarding the subpoenas attached hereto (the "Subpoenas").

3. Attached hereto as Exhibit 1 is a true and correct copy of the subpoena issued to NOC by Plaintiff Etrak İnşaat Taahhüt Ve Ticaret Anonim Şirketi ("Etrak"), dated September 2. 2025.

4. Attached hereto as Exhibit 2 is a true and correct copy of the subpoena to testify at a deposition issued by Etrak to Krystal Edwards, dated September 9, 2025.

5. Attached hereto as Exhibit 3 is a true and correct copy of the subpoena to testify at a deposition issued by Etrak to Monsef Elshalowi, dated September 9, 2025.

6. Attached hereto as Exhibit 4 is a true and correct copy of the subpoena to testify at a deposition issued by Etrak to Soundos Alabbar, dated November 6, 2025.

7. Attached hereto as Exhibit 5 is a true and correct copy of the subpoena to testify at a deposition issued by Etrak to Kevin Bernard, dated November 6, 2025.

8. Attached hereto as Exhibit 6 is a true and correct copy of the subpoena to testify at a deposition issued by Etrak to Mohamed Denbarno, dated November 6, 2025.

9. Attached hereto as Exhibit 7 is a true and correct copy of the subpoena to testify at a deposition issued by Etrak to Eric Ou, dated November 6, 2025.

10. Attached hereto as Exhibit 8 is a true and correct copy of the subpoena to testify at a deposition issued by Etrak to Hannah Sulaiman, dated November 6, 2025.

11. Attached hereto as Exhibit 9 is a true and correct copy of the subpoena issued by Etrak to Bank ABC, dated September 12, 2025.

12. Attached hereto as Exhibit 10 is a true and correct copy of the subpoena issued by Etrak to JP Morgan Chase Bank, N.A., dated September 15, 2025.

13. Attached hereto as Exhibit 11 is a true and correct copy of the subpoena issued by Etrak to Bank of America, N.A., dated September 15, 2025

14. Attached hereto as Exhibit 12 is a true and correct copy of the subpoena issued by Etrak to Sky Petroleum Inc., dated September 17, 2025.

15. Attached hereto as Exhibit 13 is a true and correct copy of the subpoena issued by Etrak to Weatherford Inc., dated September 17, 2025.

16. Attached hereto as Exhibit 14 is a true and correct copy of the subpoena issued by Etrak to BDO USA, P.C., dated November 4, 2025.

17. On or about November 18, 2025, I spoke with Molly Wells, counsel for Etrak, regarding the Subpoenas. I stated that NOC is immune from discovery under the Foreign

Sovereign Immunities Act, 28 U.S.C. §§ 1602, et seq. ("FSIA"), and that Etrak cannot circumvent that immunity by targeting its discovery requests at NOC's employees or third parties. Ms. Wells expressed Etrak's disagreement and stated that the matter would have to be resolved in court.

18. By letter dated December 2, 2025, counsel for Etrak affirmed its intent to move forward with its depositions of NOC's employees. Attached hereto as Exhibit 15 is a true and correct copy of that letter.

19. I responded to counsel for NOC by letter dated December 4, 2025, reiterating NOC's position that as a non-party to the litigation between Etrak and Libya, it is entitled to assert its own sovereign immunity with respect to Etrak's discovery requests, and that such immunity cannot be circumvented through subpoenas to its employees and that those employees would not be appearing for depositions. Attached hereto as Exhibit 16 is a true and correct copy of that letter.

20. We later exchanged emails following up on our telephone discussion and correspondence. Attached hereto as Exhibit 17 is a true and correct copy of my December 2025 email communications with counsel for Etrak.

21. On December 22, 2025, I conferred with counsel for Etrak regarding NOC's Motion. Counsel stated that Etrak would not consent to the relief requested therein.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 22, 2025
New York, New York

                                                                                                           _____
                                                                                                             Robert Garcia