**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

```
------------------------------------------------------------------ x
ETRAK İNŞAAT TAAHHÜT VE TİCARET ANONİM :
ŞİRKETİ,                                               :
                                                       :
                    Plaintiff,                         :
                                                       :
              -against-                                :   Case No. 1:22-cv-00864-JMC
                                                       :
THE STATE OF LIBYA,                                    :
                                                       :
                    Defendant.                         :
                                                       :
                                                       :
                                                       :
                                                       :
------------------------------------------------------------------ x
```

**[PROPOSED] ORDER**

Before the Court is Petitioner's Motion for Civil Contempt and Sanctions. Upon consideration of the Motion, the supporting memorandum, the record, and the Court's September 19, 2025 Order (ECF No. 49), it is hereby

**ORDERED** that the Motion is **GRANTED**.

**I. CONTEMPT**

Respondent the State of Libya is **IN CIVIL CONTEMPT** of the Court's September 19, 2025 Order.

The Court's September 19 Order required Respondent to provide complete, objection-free post-judgment discovery by November 3, 2025 and expressly held that objections were waived. Respondent did not comply by the deadline, did not seek relief, and has not demonstrated substantial compliance or present inability to comply.

**II. COERCIVE FINES**

Consistent with the framework announced in the Court's September 19, 2025 Order, the Court **IMPLEMENTS COERCIVE MONETARY SANCTIONS** as follows:

Coercive fines shall accrue beginning November 3, 2025, the Court-ordered compliance deadline, at the following rates:

- $5,000 per week for the first four weeks of noncompliance;
- doubling every four weeks thereafter;
- up to a maximum of $80,000 per week.

These fines are coercive and remedial, not punitive, and shall continue to accrue prospectively until Respondent purges its contempt.

As of the date of this Order, judgment is entered against Respondent in the amount of $_____ accrued from November 3, 2025 through _____, [2026]. Etrak may petition the clerk for additional judgment every 90 days until Respondent complies with this Court's September 19, 2025, Order.

The Court may suspend or modify the accrual of fines upon a demonstrated showing of full compliance.

## III. PURGE

Respondent may purge its contempt only by providing: complete, sworn, and objection-free responses to Petitioner's post-judgment interrogatories; and full production of all documents responsive to Petitioner's post-judgment document requests, in compliance with the Court's September 19, 2025 Order.

Partial compliance, unilateral limitations, or objection-laden submissions shall not constitute a purge.

## IV. FEES AND COSTS

Pursuant to Federal Rule of Civil Procedure 37(b)(2)(C), Respondent shall pay Petitioner's reasonable attorneys' fees and costs incurred as a result of Respondent's failure to comply with the Court's discovery Order.

Petitioner shall file a fee application within [14] days of this Order. Any opposition shall be filed within [14] days thereafter.

## V. EVIDENTIARY PRECLUSION

To prevent Respondent from benefiting from its discovery noncompliance, Respondent is **PRECLUDED** from offering evidence or factual argument concerning matters that were the subject of the Court-ordered post-judgment discovery Respondent failed to provide, including factual assertions regarding:

- the existence, location, ownership, control, or use of assets or accounts;
- relationships with ministries, instrumentalities, or state-controlled entities relevant to enforcement; and
- assertions concerning the absence of commercial activity or executable property.

This preclusion does not bar Respondent from advancing legal arguments that do not depend on withheld factual information.

## VI. RETENTION OF JURISDICTION

The Court retains jurisdiction to enforce this Order and to impose such further relief as may be necessary to secure compliance.

**SO ORDERED**.

Date: _____

_____
Jia M. Cobb United States District Judge