**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

-------------------------------------------------------------------- X

ETRAK İNŞAAT TAAHHÜT VE TİCARET ANONİM :
ŞİRKETİ,                                    :
                                            :
                        Plaintiff,          :
                                            :
            -against-                       :   Case No. 1:22-cv-00864-JMC
                                            :
THE STATE OF LIBYA,                         :
                                            :
                        Defendant.          :
                                            :

-------------------------------------------------------------------- X

**RESPONSE AND OPPOSITION TO THE STATE OF LIBYA'S**
**NOTICE OF SUPPLEMENTAL AUTHORITY AND**
**MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEFING**

Petitioner Etrak İnşaat Taahhüt Ve Ticaret Anonim Şirketi ("Etrak" or "Petitioner") respectfully files this response and opposition to Respondent The State of Libya ("Libya")'s (1) Notice of Supplemental Authority ("Notice") (ECF No. 90) and (2) Motion for Leave to File Supplemental Briefing ("Motion") (ECF No. 91) regarding the so-called "Supplemental Authority."[1] Libya's Notice and Motion are a plainly improper attempt to raise arguments previously waived. This Court should ignore the Notice's attempt to elevate advocacy to authority and deny the Motion's request to raise arguments previously waived while expounding on that advocacy.

**INTRODUCTION**

After months of Libya's gamesmanship, this Court issued an order on September 19, 2025 granting Etrak's Motion to Compel and ordering Libya to respond to Etrak's post-judgment

---

[1] The purported supplemental authority in question is a Statement of Interest presenting argument by the U.S. Department of Justice in unrelated case *Petersen Energia Inversora, S.A.U. v. Argentine Republic*, S.D.N.Y. Case No. 15-cv-02739.

discovery in full—and without objections, which this Court held Libya had waived wholesale—or else show cause why not by November 3, 2025, failing which Libya would face escalating fines. *See* ECF No. 49 (hereinafter, the "Order"). Libya failed to comply with the Order in all respects, and it now faces $620,000 in fines plus an additional $80,000 with each passing week. Indeed, as this Court has recognized, Libya's actions in this case evidence its ongoing "attempt[s] to evade its obligations" under this Court's Judgment and Order. *See* ECF No. 56. Libya's latest filings are no exception.

Libya now seeks to introduce a piece of advocacy—a brief filed in another case in another circuit—as "supplemental authority" for this Court to consider in an attempt to raise arguments previously waived. Though the advocacy piece in question is dated February 26, 2026, it presents arguments that were available to Libya when it filed or failed to file, as the case may be, its relevant briefs in this case, because its authorities all predate Libya's relevant briefs or missed briefing deadlines. Now that the front door has closed on that briefing, this Court must not permit Libya to introduce through the backdoor arguments it has already waived.

Notices of supplemental authority serve a limited purpose: to alert the Court to new controlling authority that emerged after briefing closed. They are not vehicles for reviving waived arguments, additional argument, or renewed briefing. Yet that is precisely what Libya's proposed filing seeks to do. This Court should reject Libya's attempt to revive waived argument or to submit a memorandum re-arguing issues already fully briefed in connection with, e.g., Plaintiff's Motion for Contempt.

For the reasons stated herein, this Court should deny Libya's Motion, ignore Libya's Notice, and reconfirm its Order holding Libya accountable under applicable law. Libya must

provide full and complete discovery responses to Etrak and produce requested documents or else continue to incur fines, which currently amount to $620,000.

**LAW AND ARGUMENT**

"Courts have discretion to determine whether parties are allowed to supplement the record of a case." *Jerez v. Republic of Cuba*, 777 F. Supp. 2d 6, 10 (D.D.C. 2011). Yet, a court will not permit a litigant to thwart briefing deadlines with supplemental authorities and associated memoranda filed well past those deadlines where the supplemental authority predates them. *See id.* (rejecting supplemental authorities and briefing where the authorities predated applicable briefing deadlines and addressed issues raised in that briefing and where court had not requested additional briefing); *Tax Analysts v. U.S. Dept. of Justice*, 759 F. Supp. 28, 32 (D.D.C. 1991) (striking supplemental memorandum that detailed a case decided seven years prior and "well before the filing" of the briefing to be supplemented where the party provided "no reason" for its failure to include the authority in prior briefing). Notices of supplemental authority and associated filings are intended "to apprise the [c]ourt of new developments" and not to provide litigants with a second bite at the apple. *See Tax Analysts*, 759 F. Supp. at 32; *see also Williams v. Romarm, SA*, 756 F.3d 777, 787 (D.C. Cir. 2014) ("[Supplemental authorities] should not be employed as a second opportunity to brief an issue not raised in the initial briefs."); *Plaquemines Port, Harbor & Terminal Dist. v. Fed. Mar. Comm'n*, 838 F.2d 536, 551 (D.C. Cir. 1988) (rejecting a supplemental brief which was "nothing more than a poorly disguised attempt to file a second main brief to advance arguments overlooked in its first main brief"). A court likewise will not permit a litigant to use supplemental briefing as a vehicle to "reargue[] the same evidence and issues addressed in [such litigant's prior briefing]." *See D'Onofrio v. SFX Sports Grp., Inc.*, 254 F.R.D. 129, 130 (D.D.C. 2008); *see also United States ex rel. Pogue v. Diabetes Treatment*

3

*Centers of Am.*, 238 F. Supp. 2d 270, 276 (D.D.C. 2002) (rejecting attempt to file surreply to introduce new arguments on an issue previously raised).

As an initial matter, Libya's so-called "Supplemental Authority" is advocacy, not authority, and it is due no particular deference from this Court. As the U.S. Supreme Court has made clear, statements of interest from the Department of Justice that do no more than offer opinion as to the meaning of the law, including the FSIA, "merit no special deference" from the courts. *See Republic of Austria v. Altmann*, 541 U.S. 677, 701 (2004); *see also Sosa v. Alvarez-Machain*, 542 U.S. 692, 733 n.21 (2004). Libya's reliance on *Republic of Austria* and *Sosa* is misplaced; the cases suggest only that where the Department of State provides a case-specific statement that a particular issue involving a particular sovereign would be deleterious to U.S. foreign policy such statement *might* be due some level of deference where the FSIA does not cover the particular issue in question. *See Republic of Austria*, 541 U.S. at 701 (noting that a statement of interest from the Department of State warning that a particular case against a particular defendant will affect foreign policy might receive deference but leaving open the question of whether such deference would be due with respect to matters covered by the FSIA); *Sosa*, 542 U.S. at 733 n.21 (noting possibility of "case-specific deference to the political branches" where the Executive Branch opines that a particular case would hinder foreign policy). Otherwise, it remains "emphatically the province and duty of the judicial department"—not the executive branch—"to say what the law is." *See Marbury v. Madison*, 5 U.S. 137, 177 (1803). Lastly, where, as here, the statement of interest in question was offered in a *different case* in a *different circuit* against a *different sovereign* and under *highly distinguishable facts*, its value to the court is nil.

That being the case, the only "supplemental authority" at issue is that which the Statement of Interest itself relies upon. The most recent of the listed authorities that the Statement of Interest relies upon is dated January 1, 2024. *See* ECF No. 90-1, at v. Libya makes clear that it intends for its supplemental brief and so-called supplemental authority to apply to Etrak's Motion to Compel (ECF No. 42), this Court's Show Cause Order (ECF No. 49), Libya's untimely Response to the Show Cause Order (ECF No. 62), the parties' briefing on Etrak's Motion to Strike Libya's Response to the Show Cause Order (ECF No. 67, 70, 74), and the parties' briefing on Etrak's Motion for Civil Contempt and Sanctions (ECF Nos. 76, 85, 88). *See* ECF No. 91-1, at 1 n.1. The earliest of Libya's briefing deadlines applicable to the foregoing motions, responses, or replies was Libya's missed deadline of August 29, 2025 to oppose Etrak's Motion to Compel. Consequently, Libya's briefing deadlines all arose more than eighteen months after the most recent authority supporting the Statement of Interest. Because the authorities supporting the Statement of Interest all predate Libya's briefs or missed briefing deadlines in this case, *see* ECF No. 90-1, at ii-vi (listing authorities),[2] and Libya has failed to demonstrate why its neglect should be excused, this Court should decline to consider the supplemental authorities or associated briefing. *See, e.g.*, *Jerez*, 777 F. Supp. 2d at 10; *Tax Analysts*, 759 F. Supp. at 32.

This Court should deny the Motion for the additional reason that it both seeks to raise arguments previously waived and to rehash arguments already made. Libya failed to oppose Etrak's Motion to Compel, which this Court granted on September 19, 2025. In that Order, this Court ruled Libya had waived its objections to Etrak's post-judgment discovery and held Libya

---

[2] The only three authorities cited in the Statement of Interest that date from around the time of Libya's briefing deadlines are the three opinions in the case in which the Statement of Interest was filed and to which it was addressed. *See* ECF No. 90-1, at iii (listing the three 2025 opinions in *Petersen Energia Inversora, S.A.U. v. Argentine Republic*, S.D.N.Y. Case No. 15 Civ. 2739 (LAP)). They are not the authorities that the Statement of Interest relies upon in its advocacy or arguments.

would face escalating fines if it did not respond or explain itself by November 3, 2025. Libya once again failed to either respond to the discovery or to file a brief explaining its position by the court-ordered deadline. For reasons already briefed, Libya's late-filed December 22, 2025, "Response" to this Court's Order granting the Motion to Compel could not revive its objections, nor could it save Libya from fines. Libya's January 7, 2026, responses to Etrak's post-judgment discovery, which merely repeated objections that this Court already held waived, were similarly ineffective. *See* ECF No. 74-1, at Ex. A. The parties have argued these points extensively over many briefs, though every single one of Libya's came after its last-ditch deadline of November 3, 2025. Now, Libya seeks to "supplement" the Motion to Compel briefing that it failed to file when it was due in August 2025—and all the subsequent briefing through which Libya has sought to undo that failure—so that it can yet again attempt to argue in favor of the objections it has already waived and complain that monetary sanctions for its failure to comply with this Court's orders are allegedly improper. Once again, Libya cannot revive its waived objections or undo the sanctions it now faces with its untimely objections or arguments.

Moreover, Libya effectively waived its arguments in opposition to Etrak's requested evidentiary preclusion sanction. For reasons unknown, Libya chose to address such sanction only summarily and buried in a two-sentence footnote with zero cites to authority. *See* ECF No. 85, at 14 n.9. Libya has waived the argument, and it cannot now employ the farce of a so-called supplemental authority and related briefing to gain a second bite at that apple. *See, e.g.*, *CTS Corp. v. E.P.A.*, 759 F.3d 52, 64 (D.C. Cir. 2014) (holding waived an argument made in a conclusory fashion in a footnote and without authority); *Plaquemines Port, Harbor & Terminal Dist.*, 838 F.2d at 551 (holding litigant could not use a supplemental brief to gain a second bite at the apple).

Libya cannot avoid this Court's Order and the waiver and monetary sanctions holdings therein. Its only recourse now to avoid further accumulating monetary sanctions is to cure its contempt by providing complete discovery responses and all requested documents, of which is has provided zero to date. Alternatively, it can put a stop to all post-judgment discovery efforts by honoring this Court's Judgment, which was rendered over a year ago.

In addition to raising arguments already waived, Libya's supplemental brief improperly seeks to reargue matters already covered in prior briefing—namely, its objections to Etrak's discovery and arguments in opposition to monetary sanctions already ordered and incurred. Indeed, Libya's untimely Response to the Show Cause Order (ECF No. 62), Opposition to Etrak's Motion to Strike Libya's untimely Response to the Show Cause Order (ECF No. 70), and Opposition to Etrak's Motion for Civil Contempt and Sanctions (ECF Nos. 85) all address the previously waived objections and the monetary sanctions. Libya has had every chance to argue these matters. That it adopted a litigation strategy under which it availed itself of only some of those chances is no justification to allow supplemental briefing. Etrak should not be made to pay the price of Libya's ill-advised gamesmanship via additional rounds of briefing.

Having failed to provide timely responses to Etrak's discovery, Motion to Compel, or this Court's Order, Libya cannot revive objections held waived or avoid resultant sanctions with late-filed "supplements" to briefing either not made or offered untimely. This Court should affirm its prior Order and issue a ruling ordering Libya to provide full responses and productions in response to Etrak's discovery, confirming the monetary sanctions that have accrued to date, and ordering any further sanctions this Court deems appropriate. In the alternative, if this Court desires to allow Libya to file its supplemental brief, Etrak prays that it will be permitted to respond thereto.

7

**CONCLUSION**

Etrak prays that this Court will see Libya's Notice and Motion for what they are: a bald attempt to raise arguments previously waived. This Court should ignore Libya's Notice and so-called "Supplemental Authority" and deny Libya's Motion.

In the alternative, if this Court grants the Motion, Etrak prays that it will be afforded an opportunity to file a response to Libya's supplemental brief, which Libya has stated it would not oppose (*see* ECF No. 91, at 2 ("Libya does not oppose Etrak's submission of its own supplemental response.")).

**DATED:** March 23, 2026                          Respectfully submitted,

/s/ *Molly L. Wells*
Molly L. Wells (*pro hac vice*)
Benjamin D. Reichard (*pro hac vice*)
**Fishman Haygood LLP**
201 St. Charles Ave., Suite 4600
New Orleans, LA 70170
Tel.: (504) 556-5505
Fax: (504) 586-5250
mwells@fishmanhaygood.com
breichard@fishmanhaygood.com

Gladstone N. Jones, III (*pro hac vice*)
Lynn E. Swanson (*pro hac vice*)
**JONES SWANSON HUDDELL LLC**
601 Poydras Street, Suite 2655
New Orleans, Louisiana 70130
Telephone: (504) 523-2500
Facsimile: (504) 523-2508
gjones@jonesswanson.com
lswanson@jonesswanson.com

Charles Owen Verrill, Jr., Esq.
Bar No. 13245
Verrill Advocacy, LLC
Suite M-100
1055 Thomas Jefferson St. NW

Washington, D.C. 20007
(202) 390-8245
charlesverrill@gmail.com

*Counsel for Etrak*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served on all counsel of record this date via the Court's CM/ECF system.

*/s/ Molly L. Wells*
Molly L. Wells

9