**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| | : | |
| | : | |
| | : | |
| ETRAK İNŞAAT TAAHHÜT VE TİCARET ANONİM ŞIRKETİ, | : | |
| | : | |
| *Plaintiff,* | : | Case No. 1:22-cv-00864 (JMC) |
| | : | |
| v. | : | |
| | : | |
| STATE OF LIBYA, | : | |
| | : | |
| *Defendant.* | : | |
| | : | |
| | : | |

**THE STATE OF LIBYA AND NON-PARTY NATIONAL OIL CORPORATION OF LIBYA'S RESPONSE IN SUPPORT OF THEIR MOTION FOR ORAL ARGUMENT ON THE PENDING POST-JUDGMENT JURISDICTIONAL AND DISCOVERY DISPUTES**

CURTIS, MALLET-PREVOST,
 COLT & MOSLE, LLP

Joseph D. Pizzurro (D.C. Bar No. 468922)
Juan O. Perla (D.C. Bar No. 1660389)
Robert J. Groot (D.C. Bar No. NY0700)
Olivia J. Wang (D.C. Bar No. NY0709)
1875 K Street N.W. 425
Washington, D.C. 20006
(202) 452-7373
jpizzurro@curtis.com
jperla@curtis.com
rgroot@curtis.com
owang@curtis.com

*Attorneys for Defendant State of Libya and
Non-Party National Oil Corporation of Libya*

May 13, 2026

Defendant State of Libya ("Libya") and non-party National Oil Corporation of Libya ("NOC") respectfully submit this reply in further support of their Motion for Oral Argument on the Pending Post-Judgment Jurisdictional and Discovery Disputes in the above-captioned matter pursuant to Local Civil Rule 7(f).

## ARGUMENT

Libya and NOC are at a loss to understand Etrak's strenuous opposition to their request for oral argument on the discovery disputes pending before the Court. These disputes implicate complex, interrelated legal issues of sovereign immunity, this Court's subject-matter jurisdiction, and foreign policy concerns including comity and reciprocity that should inform the administration of post-judgment discovery against foreign states and their agencies and instrumentalities, and which also impact the treatment of the United States in foreign courts worldwide. These concerns carry such weight that the U.S. Government recently addressed them in a filing, which has been brought to the attention of the Court. This Court has recognized the complexity and importance of these issues and has permitted as beneficial additional rounds of briefing. For the same reasons, oral argument would benefit the Court by allowing it to fully explore these issues directly with counsel, and thereby resolve the pending disputes efficiently and accurately.

Etrak nevertheless claims that it would somehow be "prejudiced" if oral argument were granted, but oral argument would simply provide each side with an opportunity to detail its positions and address any questions of the Court. Etrak's claim of "prejudice" is a transparent attempt to avoid confrontation on the misstatements of law made throughout its filings, including in its most recent supplemental memorandum to which Libya has not had a chance to respond.[1]

---

[1] To the extent that Etrak asserts "prejudice" resulting from Libya and NOC "omitting" from their request references to Etrak's Motion to Strike or Etrak's Motion for Contempt/Sanctions,

Etrak repeated these misstatements even in its opposition to oral argument, in which it inaccurately characterized the Supreme Court's decision in *Republic of Argentina v. NML Cap., Ltd.*, 573 U.S. 134, 146 (2014) as holding that concerns of comity and reciprocity during post-judgment discovery against a foreign sovereign are "better directed" to the legislature rather than to the courts. But the quote from *NML* on which Etrak relies addressed solely whether a foreign state possesses *immunity* from post-judgment discovery (which Libya does not claim). Regarding the *propriety* of discovery requests, the Court expressly clarified that a district court "may appropriately consider comity interests and the burden that the discovery might cause to the foreign state." *See id.* at 146 n.6. Etrak's continuing twisting of the law on this issue further demonstrates that oral argument would assist the Court by enabling it to thoroughly test the parties' positions on the complex issues before it.

Etrak also attempts to exclude Libya and NOC's request on meritless procedural grounds by arguing that Local Civil Rule 7(f) supposedly bars parties from requesting oral argument on a pending motion by means of a separate motion. But Local Civil Rule 7(f) merely provides that a party "may in a motion or opposition request an oral hearing." It does not limit that request to a party's initial motion or opposition, as opposed to a later separate motion. Accordingly, courts in this district have regularly granted requests for oral argument made through motions procedurally identical to that of Libya and NOC here. *See, e.g.*, Minute Order Granting Motion for Oral Hearing, *Dahlstrom v. United States Dep't of Homeland Sec.*, No. 1:22-cv-1165 (JMC), 2025 U.S. Dist. LEXIS 198728 (D.D.C. Jan. 25, 2023); Minute Order Granting Motion for Oral Argument, *Oceana, Inc. v. Pritzker*, 75 F. Supp. 3d 469 (D.D.C. Oct. 1, 2014) (No. 08-cv-1881);

---

Libya and NOC hereby clarify that they consider those motions to be part of the ongoing discovery disputes and therefore within the scope of the request for oral argument. Libya and NOC did not intend to exclude from argument any of the disputes pending before the Court.

Order Granting Plaintiffs' Motion for Oral Hearing, *Inmates/Modular Fac. v. D.C.*, No. 1:90-cv-727 (D.D.C. Oct. 14, 1993) (CourtLink), ECF No. 170. Regardless, this Court always retains discretion to order oral argument. Local Civil Rule 7(f).

Although Etrak faults Libya and NOC for not setting out in their motion for oral argument Etrak's reasons for opposing that motion, Libya and NOC had no obligation to do so. Local Civil Rule 7(m) requires only that a party "include in its motion a statement that the required discussion [conferring on the motion] occurred, and a statement as to whether the motion is opposed." Libya and NOC complied with this rule by stating that their counsel consulted with counsel for Etrak, who indicated that Etrak opposed the motion. It would be unreasonable to additionally require that Libya and NOC set out Etrak's arguments because Etrak is of course the party best able to set out its own arguments and was free to do so in opposition.

**CONCLUSION**

Libya and NOC therefore respectfully request that the Court exercise its discretion to schedule oral argument on the post-judgment jurisdictional and discovery disputes between Etrak, Libya, and non-party NOC.


Dated: May 13, 2026

Respectfully submitted,

CURTIS, MALLET-PREVOST,
 COLT & MOSLE, LLP

*/s/ Joseph D. Pizzurro*

Joseph D. Pizzurro (D.C. Bar No. 468922)
Juan O. Perla (D.C. Bar No. 1660389)
Robert J. Groot (D.C. Bar No. NY0700)
Olivia J. Wang (D.C. Bar No. NY0709)
1875 K Street N.W. 425
Washington, D.C., 20006
(202) 452-7373
jpizzurro@curtis.com
jperla@curtis.com
rgroot@curtis.com
owang@curtis.com

*Attorneys for Defendant the State of Libya and*
*Non-Party National Oil Corporation of Libya*

4

**CERTIFICATE OF SERVICE**

I hereby certify that on May 13, 2026, I caused a true and correct copy of the foregoing to be filed with the Clerk of the Court using the ECF system and thereby served upon all counsel of record, including counsel for Plaintiff.

/s/ *Joseph D. Pizzurro*
Joseph D. Pizzurro

Dated: May 13, 2026